[File No. 6244.]

CLARA HOLIE, Appellant, v. JOSEPH G. FORBES, C. E. Lounsbury, and Arnold C. Forbes, Partners, Doing Business Under the Firm Name and Style of Forbes, Lounsbury and Forbes, Respondents.

(256 N. W. 157.)

Opinion filed July 3, 1934.

*Emanuel Sgutl,* for appellant.

*Heder & Lauder,* for respondent.

Burke, J.   In 1924 Catherine Abrahamson brought an action against R. M. Holie to quiet title to the northeast quarter (NE¼)

of section seven (7), northwest quarter (NW¼) and the south half of the southeast quarter (S½SE¼) and the northwest quarter of the southeast quarter (NW¼SE¼) and the southwest quarter of the northeast quarter (SW¼NE¼) of section eight (8) in township one hundred thirty-one (131), range fifty-three (53) in the county of Sargent, North Dakota, containing 480 acres. The defendant, R. M. Holie, employed the firm of Johnson and Schoening of Minneapolis and the firm of Forbes, Lounsbury and Forbes of Wahpeton, North Dakota, to defend in said action.

The answer was prepared and filed by attorneys Forbes, Lounsbury and Forbes. The case came on for trial at the city of Wahpeton on the 1st day of May, 1925. Findings of fact and conclusions of law were made favorable to the defendant and judgment was entered thereon against the plaintiff and in favor of the defendant, R. M. Holie for the sum of $45,873.25 and attorney fees fixed and allowed in the sum of $1,000.47. The judgment was held to be a lien upon the above described real estate, which was sold for the payment of said judgment. The sale was duly made and the said property was bid in by the defendant, R. M. Holie, for the sum of $35,950.37 and was duly confirmed by the court on July 21, 1925. There was no redemption from said sale and the said real estate became the property of the defendant, R. M. Holie. The defendant, Holie paid to Forbes, Lounsbury and Forbes $550.00.

After considerable correspondence between Forbes, Lounsbury and Forbes and the defendant, Holie, and Albert Johnson, of the firm of Johnson and Schoening, Forbes, Lounsbury and Forbes brought an action against the defendant, Holie, for the balance of the attorney fee, alleged to be $584.12. The defendant, Holie, appeared as his own attorney and filed an answer, under date of October 7, 1926. He did not appear at the trial and the case was tried to the court and findings of fact and conclusions of law, favorable to the plaintiffs, were signed on the 28th day of January, 1927. Upon the findings, conclusions of law and order for judgment, judgment was duly entered. Execution was issued and a levy was made upon all of the said real estate and the Northwest Quarter (NW¼) of Section Eight (8), Township One Hundred Thirty-one (131), Range Fifty-three (53) in said county of Sargent and state of North Dakota was offered and sold to Forbes,

Lounsbury and Forbes for $674.08, the amount of the judgment. No appeal was ever taken from the judgment and no redemption was made from the sale of said property.

On the 3rd day of February, 1930, the plaintiff, Clara Holie, brought this action, claiming to be the owner of all of said land and that the defendants in the instant case, Forbes, Lounsbury and Forbes, knew that the said land did not belong to R. M. Holie, but was the sole property of the plaintiff and it is the contention of appellant that the relation of attorney and client existed between the plaintiff and defendants during all of the time and that she is entitled to recover of the defendants the sum of $9,600.00, the alleged value of the premises sold or the difference between the amount paid by the defendants at the sale, namely $674.08, the amount the land sold for on the execution sale and the sum of $2,250.00 realized on the sale of the sheriff's certificate of sale to a third person.

In brief on appeal the appellant states "The issue to be decided on this appeal is: Are the defendants liable to the plaintiff as trustee for the value of the following described real estate . . .: Northwest Quarter (NW¼) of section eight (8), township one hundred thirty-one (131), Range fifty-three (53)."

It is entirely clear from the record that Forbes, Lounsbury and Forbes were employed in the case of Abrahamson v. Holie and that also they had something to do with the bringing of an action in claim and delivery which action appears, from the record, to have been dismissed and that Forbes, Lounsbury and Forbes do not and did not represent the plaintiff or R. M. Holie in any other matter. There is nothing to show that Forbes, Lounsbury and Forbes acted as attorneys for either of said parties after the Abrahamson case was closed. Whether Forbes, Lounsbury and Forbes knew that Mrs. Holie was the owner of the said land is not material, unless they were acting for her, or her agent, at the time they bid in the property at the execution sale. If they were not acting for the plaintiff, or her agent, at that time they were not and cannot be held as trustees.

The relation of attorney and client is discussed at considerable length in the case of Yerkes v. Crum, 2 N. D. 72, 49 N. W. 422. In that case the complaint alleged, in substance, that Lafayette Hadley and Kate Irene Hadley executed a mortgage on a certain lot, agreeing

to pay all taxes. The mortgage was foreclosed, the plaintiff buying the property for the amount due. There was no redemption and plaintiff received a deed to said lot and commenced an action against the Hadleys to quiet title and title was quieted in the plaintiff. During the whole of the time it was alleged that the defendant, Crum, was attorney for the Hadleys and conducted said litigation in their behalf as their sole attorney. The Hadleys neglected to pay the taxes assessed on said lot for 1884 and 1885 and the said lot was sold by the Treasurer of said county and the tax certificate thereafter issued to one Clifford; that about April 20, 1887, and while the defendant Crum was acting for the Hadleys in said litigation, Clifford assigned said certificate to said defendant and on October 6, 1887, defendant surrendered the same and received a tax deed to the lot. The prayer of the complaint was for cancellation of said deed. The defendant alleges in his answer that he was the attorney for Kate Irene Hadley and Lafayette Hadley from on or about the 9th day of October, 1885, until the 8th day of April, 1887, on which said 8th day of April, 1887, the relation of attorney and client between the defendant herein and said Kate Irene Hadley and Lafayette Hadley ceased and terminated by mutual consent; that after said 8th day of April, 1887, defendant acted in said action in his own interest and in his own behalf, using the name and title of the original action, under and by virtue of § 85 of the Code of Civil Procedure. On the coming in of the answer plaintiff moved for judgment on the pleadings, and the motion was granted, and judgment rendered accordingly. After discussing at considerable length the relation of attorney and client, Judge Bartholomew said: "The answer in this case admits that the defendant herein appeared on the record as attorney for the defendants in the case of Yerkes v. Hadley [5 Dak. 324, 40 N. W. 340, 2 L.R.A. 363], from its inception, in 1885, until its final termination, in March, 1889; but it is clearly alleged that on the 8th day of April, 1887, the relation of attorney and client heretofore existing between this defendant and the Hadleys ceased and terminated by mutual consent, and that after said date this defendant appeared in and defended said case in his own interest and behalf, using the name and title of the original action, under § 85 of the Code of Civil Procedure. It is clear that, if defendant ceased on the 8th of April, 1887, to in any manner represent the Had-

leys as their attorney, then he had a right to take an assignment of the tax certificate on April 20, 1887, and to take a deed thereon when the certificate matured, and the title so received could be pleaded in defense to this action." Judge Wallin and Judge Corliss write short concurring opinions and the decision is in harmony with the great weight of authority. 2 R. C. L. § 42, page 966; 6 C. J. 682.

The relation of attorney and client had ceased to exist between the defendants, Forbes, Lounsbury and Forbes and R. M. Holie personally, or as trustee or agent for Clara Holie. Assuming that Clara Holie was the owner of said real estate the court found that the defendants did not know this and the record sustains this finding. The relation of attorney and client ceased to exist when the said litigation was closed. The defendants were entitled to an attorney fee and when the same was not paid they had the same right to bring an action to recover that any other creditor would have. The relation of attorney and client having ceased they were dealing with each other at arms length. Having recovered a judgment, they were entitled to collect it by execution and levy upon said property. It was their judgment and the certificate of sale belonged to said firm of attorneys with all the rights that any other purchaser would have, subject only to the right of redemption. When the period of redemption expired without redeeming, the certificate entitled the holder to a deed of the premises.

The judgment must be and is affirmed.

BURR, Ch. J., and NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.