Evan SHARK, Plaintiff, Appellant and Cross-Appellee,

v.

Carmen THOMPSON, Defendant,

Wheeler, Wolf, Peterson, Schmitz, Mc-Donald & Johnson, P.C., a Professional Corporation; and Robert O. Wefald, Defendants, Appellees and Cross-Appellants.

Civ. No. 10845.

Supreme Court of North Dakota.

Sept. 4, 1985.

Myer Shark, Fargo, for plaintiff, appellant and cross-appellee.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendants, appellees and cross-appellants; argued by Paul F. Ebeltoft, Jr., Dickinson; appearance by Paul G. Kloster, Dickinson.

GIERKE, Justice.

Evan Shark appeals from a judgment dismissing his action against Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, P.C. (hereinafter "Wheeler firm")

and Robert O. Wefald, individually.[1] We affirm.

Shark, an experienced businessman and realtor, was for an extended period of time involved in business dealings with Michael and Carmen Thompson. This business relationship was terminated in 1977, and Shark loaned a sum of money to the Thompsons and took a promissory note and mortgage in return. The mortgage, on property denoted by the parties as the "1721 property," lies at the heart of this dispute.

Carmen and Michael were divorced, and Carmen was awarded the 1721 property in the divorce judgment. When Carmen subsequently attempted to sell the property, she sought satisfaction of the mortgage from Shark to clear the title to the property. Carmen engaged attorney B. Timothy Durick and Shark engaged defendants Wefald and the Wheeler firm to assist in the transaction.

Although the scope of the representation undertaken by Wefald is disputed by the parties, it is clear that Shark and Carmen, who was also a realtor, were conducting negotiations for a settlement of the dispute without the aid of their respective attorneys. It appears from the record that there were agreements, at various times, that Shark would satisfy the mortgage in exchange for a $10,000 cash settlement; for an assignment of Carmen's interest in a contract for deed on property denoted by the parties as "Bluffview;" and for a $6,000 promissory note.

Attorney Durick forwarded an unsigned satisfaction of mortgage to Wefald in late April 1980, and requested that Wefald secure Shark's signature and return it. There is much dispute over the actual signing of the satisfaction of mortgage and its subsequent journey to the closing on the sale of the 1721 property, which occurred on May 1, 1980. Shark contends that he signed his name and his wife's name on the

satisfaction, and that it was left at the Wheeler firm's office. He contends that the Wheeler firm and Wefald are responsible for the satisfaction ending up at the closing.

The defendants contend that Shark's secretary picked up the unsigned satisfaction from their office and took it to Shark, who signed his name and his wife's name. The secretary then returned it to the Wheeler firm, where it was notarized, and returned it to Shark. The defendants thus contend that the document left their office, signed and notarized, and was returned to Shark, who was responsible for its appearance at the closing on May 1.

Shark alleges that Wefald was to make certain that an assignment of Carmen's interest in the contract for deed on the Bluffview property was received contemporaneously with the transmittal of the satisfaction of mortgage. Shark never received an assignment of Carmen's interest in the Bluffview contract for deed.

When it became apparent that no assignment was forthcoming from Carmen, Shark commenced suit against Carmen, Wefald, the Wheeler firm, Durick, and Durick's law firm. The claims against Durick and his law firm were dismissed before trial. Shark proceeded to trial against Carmen, Wefald, and the Wheeler firm. At the close of the plaintiff's case, the trial court granted the Wheeler firm's motion for involuntary dismissal under Rule 41(b), N.D.R.Civ.P., but denied Wefald's similar motion. Wefald proceeded to present his defense, but the trial court stopped the proceeding mid-way through Wefald's defense and announced that it had reconsidered Wefald's motion to dismiss under Rule 41(b). The court ruled that Wefald was entitled to dismissal and ended the trial at that point. Judgment was subsequently entered dismissing Shark's claims against Wefald and the Wheeler firm, and Shark has appealed.[2]

---

1. We will refer to the Wheeler firm and Wefald collectively as the defendants. Wefald was a member of the Wheeler firm at the time of the occurrences herein.

2. The defendants have cross-appealed, contending that Shark's action was barred by the statute of limitations. The trial court found that the applicable statute of limitations had not run

Shark raised the following issues on appeal:

(1) Did the trial court err in denying Shark a jury trial?

(2) Did the trial court err in excluding evidence on the value of the 1721 mortgage and on Wefald's duty to advise Shark regarding the value of the mortgage?

(3) Did the trial court err in denying Shark's motion to amend the complaint?

(4) Did the trial court err in refusing to issue a protective order or to impose sanctions in connection with discovery activity?

(5) Did the trial court err in excluding evidence on the value of Carmen's interest in the Bluffview contract for deed?

(6) Did the trial court err in dismissing the action pursuant to Rule 41(b)?

(7) Was the trial court's certification pursuant to Rule 54(b), N.D.R.Civ.P., proper?

(8) Did the trial court err in its award of costs to the defendants?

I

Shark contends that the trial court erred in denying him a jury trial. Shark did not demand a jury trial in his complaint, dated December 27, 1982, or in his amended complaint, dated March 4, 1983. Shark did not demand a jury trial until February 29, 1984, when he included a demand for jury trial in his Note of Issue and Certificate of Readiness.

■ Rule 38(b), N.D.R.Civ.P., provides that a party may demand a trial by jury of issues triable of right by jury by serving "a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of

the last pleading directed to such issue." The last pleadings directed to the issues in this case were the defendants' answers, served on January 17, 1983, or arguably the defendants' answers to the amended complaint, served on April 11, 1983.[3] Shark's demand for jury trial on February 29, 1984, was clearly untimely under Rule 38(b). Rule 38(e) provides that failure of a party to serve a demand in conformity with Rule 38(b) constitutes a waiver of trial by jury. *See Dorgan v. Kouba,* 274 N.W.2d 167, 172 (N.D.1978) (on Petition for Rehearing). Shark waived his right to trial by jury by failing to serve a timely demand.

■ Shark also made a motion under Rule 39(b), N.D.R.Civ.P., requesting that the court order a trial by jury. The trial court denied the motion.

Rule 39(b) provides:

"*(b) By the Court.* Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Rule 39(b) was adopted from the corresponding federal rule, and we therefore look to interpretive federal caselaw for guidance in construing our rule. *See, e.g., Union State Bank v. Woell,* 357 N.W.2d 234, 236 (N.D.1984).

■ The trial court has broad discretion in determining whether to provide relief from waiver and grant a jury trial under Rule 39(b). *E.g., Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). The denial of the motion must be sustained on appeal unless it is shown that the trial court abused its discretion. *Wall v. National Railroad*

prior to the service of the summons and complaint.

Because we are affirming the judgment on the merits raised by Shark's appeal, we need not address the issue raised on the cross-appeal.

3. We find it unnecessary to determine which pleading was the "last pleading directed to" the issues because, regardless of which date is applicable, Shark clearly did not file his demand within the time limits of Rule 38(b).

*Passenger Corp.*, 718 F.2d 906, 909–910 (9th Cir.1983); *Parrott v. Wilson, supra,* 707 F.2d at 1267; *Beckham v. Safeco Insurance Co. of America,* 691 F.2d 898, 905 (9th Cir.1982). It is not an abuse of discretion to deny a Rule 39(b) motion when the failure to make a timely demand for a jury trial results from mere oversight or inadvertence on the part of the moving party. *Fredieu v. Rowan Companies, Inc.,* 738 F.2d 651, 654 (5th Cir.1984); *Parrott v. Wilson, supra,* 707 F.2d at 1267; *Rhodes v. Amarillo Hospital District,* 654 F.2d 1148, 1154 (5th Cir.1981); *Aetna Casualty and Surety Co. v. Jeppesen & Co.,* 642 F.2d 339, 341 (9th Cir.1981).

▮ In the instant case, Shark has failed to explain the lengthy delay to this Court. The record indicates that Shark's counsel explained to the trial court at the pretrial conference that it was his understanding that a jury trial could be demanded at any time. Counsel's misunderstanding of the rules or a mistaken belief that no demand was necessary amounts to mere inadvertence. *Beckham v. Safeco Insurance Co. of America, supra,* 691 F.2d at 905; *Aetna Casualty and Surety Co. v. Jeppesen & Co., supra,* 642 F.2d at 341. We conclude that the trial court did not abuse its discretion in denying Shark's Rule 39(b) motion.

## II

Shark alleges that the trial court erred in excluding evidence on the value of the 1721 mortgage and on Wefald's duty to advise Shark on the value of the mortgage. Shark contends that this ruling in effect removed one of his main issues from the trial, his allegation that Wefald failed to investigate Durick's assertion that the mortgage had no value and that Wefald failed to investigate and advise Shark of its value.

The defendants made a motion in limine on the opening day of trial requesting that evidence on these issues be excluded. The court granted the motion.

▮ Shark contends that the court erred in granting a motion in limine in a case tried to the court without a jury. A motion in limine is a procedural tool used to ensure that potentially prejudicial evidentiary matters are not discussed in the presence of the jury. It can serve no useful purpose in a nonjury case. Although we disapprove of the procedure employed to exclude the evidence, Shark has not shown that he was harmed by the use of the wrong procedure. If the evidence was properly excludable, erroneous use of a motion in limine to exclude it is not reversible error.

▮ The trial court based its ruling excluding the evidence on the fact that Shark had not pleaded the issue and that Shark, in a pretrial "Statement of Main Issues Before the Court," had stated that the value of the 1721 mortgage was not material to the case. We have thoroughly reviewed the pleadings and agree that Shark did not plead an allegation of negligence by Wefald in failing to investigate the value of the 1721 mortgage and advise Shark thereon. Furthermore, in the pretrial statement Shark acknowledged that the value of the 1721 mortgage was not in issue:

> "PERHAPS IT WOULD BE HELPFUL FOR PLAINTIFF TO STATE HERE WHAT MATTERS ARE NOT MATERIAL AND PRINCIPAL ISSUES.
>
> \*   \*   \*   \*   \*   \*
>
> "13.) Whether the second mortgage held by Plaintiff was valueless."

Shark now contends that this statement meant only that the value of the mortgage was irrelevant only as to the issue of damages, but was still relevant to the issue of liability. We see no such limitation on this statement, and we also find no indication in Shark's list of "Main Issues Before the Court," contained in the same pretrial statement, that Shark was relying on the value of the mortgage, or Wefald's failure to investigate and advise Shark thereon, as a basis for liability. We conclude that Shark failed to plead these issues and acknowledged before trial that these issues were not relevant to the case.

Rule 401, N.D.R.Ev., provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

We have stated that the test for relevancy is whether the evidence would reasonably and actually tend to prove or disprove any matter of fact in issue. *Okken v. Okken Estate,* 348 N.W.2d 447, 450 (N.D.1984). ▮ The trial court has broad discretion in determining the relevancy of proffered evidence. *See* Rule 401, N.D.R. Ev., Explanatory Note. Certainly the trial court has not abused its discretion in excluding evidence as irrelevant where the evidence goes only to issues which have not been pleaded. We conclude that the court did not err in excluding this evidence.

### III

Shark contends that the trial court erred in denying his motion to amend the complaint. On the second day of trial, Shark moved to amend the complaint to include an allegation that Wefald failed to advise Shark of the priority or value of the 1721 mortgage. The motion was denied.

▮ Amendment of pleadings is governed by Rule 15(a), N.D.R.Civ.P.:

*"(a) Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...."

A motion to amend under Rule 15(a) is submitted to the informed, careful judgment and discretion of the trial court, and this Court on appeal will not reverse the trial court's ruling in the absence of abuse of discretion. *Bender v. Time Insurance Co.,* 286 N.W.2d 489, 491 (N.D.1979); *C.I.T.*

*Corp. v. Hetland,* 143 N.W.2d 94, 101 (N.D. 1966).

▮ We find no abuse of discretion in this case. Shark's original complaint was served in December, 1982, and an amended complaint was served in March, 1983. No attempt was made to amend to include the above allegation until June 26, 1984, the second day of trial. The circumstances are nearly identical to those presented in *C.I.T. Corp. v. Hetland, supra,* in which we found no abuse of discretion in the trial court's denial of a motion to amend made after trial had begun. We conclude that the court did not err in denying Shark's motion to amend the complaint.

### IV

▮ Shark contends that the trial court erred in refusing to issue a protective order or to impose sanctions in connection with discovery activity. Counsel has provided us with no citations to authority or supportive reasoning to buttress this assertion. We therefore deem it to be waived. *See, e.g., First State Bank of Buxton v. Thykeson,* 361 N.W.2d 613, 616 (N.D.1985); *First Federal Savings and Loan Association v. Compass Investments, Inc.,* 342 N.W.2d 214, 219 (N.D.1983); *Ternes v. Farmers Union Central Exchange,* 144 N.W.2d 386, 395 (N.D.1966); *Stetson v. Investors Oil, Inc.,* 140 N.W.2d 349, 360 (N.D.1966).

### V

▮ Shark contends that the trial court erred in excluding evidence on the value of Carmen's interest in the Bluffview contract for deed. This evidence was relevant only to the issue of damages. Because the trial court found no liability on the part of the defendants, any error in excluding this evidence was obviously harmless. *See* Rule 61, N.D.R.Civ.P.

### VI

Shark contends that the trial court erred in dismissing the action under Rule 41(b), N.D.R.Civ.P. Shark's argument is threefold: (1) the court could not, in the middle of the defendant's case, reconsider its prior

ruling denying the motion to dismiss as to Wefald at the close of the plaintiff's case; (2) the record was incomplete at the time the court dismissed the action; and (3) the trial court's findings of fact are clearly erroneous.

(1)

At the close of the plaintiff's case, the defendants moved for dismissal pursuant to Rule 41(b), alleging that Shark had shown no right to relief. The court granted the motion of the Wheeler firm, but denied the motion as to Wefald. Wefald then began presenting his defense. The next morning the court announced that it had reconsidered Wefald's motion to dismiss and was now prepared to grant the motion. Judgment was subsequently entered dismissing Shark's action against Wefald and the Wheeler firm.

■ Shark contends that the court was without authority to reconsider its prior ruling and dismiss the action during the defendants' case. Although the procedure employed by the court in this case was unusual, we do not believe that it was reversible error to grant the motion during the defendants' case.

In looking to federal caselaw construing the corresponding federal rule, we have been unable to find, nor have the parties cited, any case with a similar fact situation. We note, however, that the federal courts have upheld dismissals under Rule 41(b) during the *plaintiff's* case in chief. *See D.P. Apparel Corp. v. Roadway Express, Inc.*, 736 F.2d 1, 3–4 (1st Cir.1984); *Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 482 (3d Cir.1979). Although we do not necessarily agree that a Rule 41(b) dismissal would be appropriate during the plaintiff's case in chief, we agree with the following reasoning of the court in *D.P. Apparel Corp. v. Roadway Express, Inc.*, *supra*, 736 F.2d at 3–4:

"A district court has the inherent power to dismiss cases for failure to prove a claim irrespective of the time it is requested because in so doing the court is effectively controlling and managing its own affairs to achieve the expeditious disposition of cases."

This is a recognition of the intent and purpose of the Rule—to allow expeditious disposition of cases when the trial court, as the fact-finder, has determined that the plaintiff has shown no right to relief. In effect, Rule 41(b) allows the court to dispense with the necessity of hearing the defense when it has determined that the plaintiff has failed to meet his burden of proof. Shark has failed to present any cogent reason why the trial court should be prohibited from dismissing the action during the presentation of the defendant's case when it determines that its prior ruling denying the motion to dismiss was in error.

We also note that the witnesses who testified during the brief portion of Wefald's defense which was presented did not testify on the issue of liability. The trial court's dismissal was based on its finding that the defendants were not responsible for the signed satisfaction of mortgage being turned over to Carmen without receiving in return an assignment of the Bluffview contract for deed. The only evidence on this issue was presented during the plaintiff's case in chief; thus, the court's ruling was based solely on the state of the evidence presented during Shark's case in chief, and there can be no claim that the court based its ruling on the defendants' evidence which was presented without opportunity for rebuttal.

Although the procedure employed by the court in this case was unusual, and it may have been preferable for the court to wait until all the evidence had been presented and decide the case at that time, we conclude that this procedure, of itself, does not constitute reversible error.

(2)

■ Shark contends that the court erred in dismissing the case at the time it did because the record was incomplete. Shark had rested his case upon the condition that the remainder of a partially admitted deposition be admitted as part of his case in chief. The testimony contained in

this deposition relates solely to the issue of damages and the running of the statute of limitations, and is not relevant to the issue of liability. Because the trial court's dismissal of the action was based solely on the liability issue, it could not have been affected by the remaining testimony contained in the deposition. We conclude that it was not reversible error to dismiss prior to introduction of the remainder of the deposition.

### (3)

Shark contends that the court's findings of fact, which provide the basis for the dismissal, are clearly erroneous. Shark argues that the credible evidence presented established that Wefald and the Wheeler firm were the parties responsible for the signed satisfaction of mortgage being delivered to Carmen without simultaneously receiving the assignment of Carmen's interest in the Bluffview contract for deed. However, the trial court found that Shark's secretary picked up the signed, notarized satisfaction of mortgage from a secretary at the Wheeler firm and returned it to Shark a few days prior to the closing on the 1721 property, and that Shark was responsible for the transfer of the satisfaction to Carmen.

Initially, we must determine the appropriate standard for the trial court to apply in resolving factual issues on a 41(b) motion, and our standard of review of those factual issues on appeal. Shark contends that, in ruling on a 41(b) motion, the trial court must view the evidence in the light most favorable to the plaintiff.

Some confusion has apparently arisen due to the prior practice which allowed a defendant to make a Rule 41(b) motion to dismiss in a jury case. In *Thompson v. Nettum*, 163 N.W.2d 91 (N.D.1968), the defendants made a motion for dismissal at the close of the plaintiffs' evidence in a jury case. This Court held that the same standard should apply as on a motion for a directed verdict. Thus, the Court held that the evidence must be viewed in a light most favorable to the party against whom the

motion was made. *Id.* at 95–96. Because it was a jury case, it was clearly appropriate to apply the above standard in determining whether to allow the case to go to the jury.

In *Kunze v. Stang*, 191 N.W.2d 526 (N.D.1971), the Court reaffirmed *Thompson v. Nettum* in a jury case where the defendant moved for dismissal and for a directed verdict under Rule 50(a), N.D.R. Civ.P. The Court noted, however, that Rule 41(b) had been amended effective August 1, 1971, and that henceforth a motion to dismiss under the Rule would be unavailable in cases tried to a jury. Thus, following the 1971 amendments, Rule 41(b) motions to dismiss for failure to show a right to relief are available only in cases tried to the court without a jury; the appropriate motion in jury cases is a motion for a directed verdict under Rule 50(a).

Despite the amendments, and the resulting change in the trial court's function under Rule 41(b), the Court continued to apply the "evidence viewed in the light most favorable to the plaintiff" standard in a series of cases. See *Kraft v. Malone*, 313 N.W.2d 758, 760 (N.D.1981); *Willman v. Harty Co.*, 305 N.W.2d 909, 912 (N.D. 1981); *Fettig v. Whitman*, 285 N.W.2d 517, 519 n. 2 (N.D.1979); *Soby Construction, Inc. v. Skjonsby Truck Line, Inc.*, 275 N.W.2d 336, 341 (N.D.1979); *Buettner v. Nostdahl*, 204 N.W.2d 187, 190 (N.D.1973). While this standard may have been appropriate when a motion for dismissal was made in a case tried to a jury, it does not comport with the present application of Rule 41(b). The Rule recognizes the different functions the court performs when it serves as both the "director" of the trial and the finder of fact:

"*(b) Involuntary Dismissal—Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without

waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)...."

The portion of the Rule which directs the court to make findings of fact implies that the court is to resolve conflicts in the evidence and assess the credibility of the witnesses, rather than merely view the evidence in the light most favorable to the plaintiff. The express reference to Rule 52(a) further implies that this Court on appeal will apply the "clearly erroneous" standard in reviewing factual issues raised by a motion to dismiss.

Our Rule 41(b) is adopted verbatim from the corresponding federal rule. It appears that every federal circuit court of appeals has interpreted Rule 41(b), Fed.R.Civ.P., to allow the trial court to weigh the evidence and find the facts, with appellate review under the clearly erroneous standard of Rule 52(a), while expressly rejecting any requirement that the evidence be viewed in the light most favorable to the plaintiff. *See, e.g., Holden v. Commission Against Discrimination,* 671 F.2d 30, 35 (1st Cir.), *cert. denied,* 459 U.S. 843, 103 S.Ct. 97, 74 L.Ed.2d 88 (1982), *disapproved on other grounds in Burnett v. Grattan,* — U.S. —, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); *United Rubber, Cork, Linoleum and Plastic Workers v. Lee National Corp.,* 513 F.2d 899, 900 (2d Cir.1975); *American Plan Corp. v. State Loan & Finance Corp.,* 365 F.2d 635, 638 (3d Cir.1966), *cert. denied,* 385 U.S. 1011, 87 S.Ct. 719, 17 L.Ed.2d 548 (1967); *B's Company, Inc. v. B.P. Barber & Associates, Inc.,* 391 F.2d 130, 132 (4th Cir.1968); *St. Bernard General Hospital, Inc. v. Hospital Service Association of New Orleans, Inc.,* 712 F.2d 978, 984 n. 12 (5th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 2342, 80 L.Ed.2d 816 (1984); *Hersch v. United States,* 719 F.2d 873, 876–877 (6th Cir.1983); *Patterson v. General Motors Corp.,* 631 F.2d 476, 487 (7th Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981); *Continental Casualty Co. v. DLH Services, Inc.,* 752 F.2d 353, 355–356 (8th Cir.1985); *Johnson v. United States Postal Service,* 756 F.2d 1461, 1464 (9th Cir.1985); *Olsen v. Progressive Music Supply, Inc.,* 703 F.2d 432, 436 (10th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 197, 78 L.Ed.2d 172 (1983); *Hamm v. Members of the Board of Regents,* 708 F.2d 647, 650 (11th Cir.1983); *Lyles v. United States,* 759 F.2d 941, 944 (D.C.Cir.1985); *Lemelson v. United States,* 752 F.2d 1538, 1547 (Fed.Cir.1985).

This view is also supported by the major commentators:

"Grant of the defendant's motion at this stage is a decision on the merits in favor of defendant. In rendering that judgment, the court is not as limited in its evaluation of plaintiff's case as it would be on a motion for directed verdict. The court is not to make any special inferences in the plaintiff's favor nor concern itself with whether plaintiff has made out a prima facie case. Instead it is to weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies." 9 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2371, at 224–225 [Footnotes omitted.]

"The 1946 amendment to Rule 41(b), then, eliminated any doubt which might previously have existed as to the trial court's role in passing upon defendant's motion, in a court case, to dismiss for failure of plaintiff's proof; and, as stated, adopted the view espoused by the Sixth, Seventh and Ninth Circuits. This role of the court is quite different than it is in passing upon a motion for a directed verdict in a jury case where the judge is not the trier of the facts and cannot make the factual determination. In the court case, however, since the judge is the trier of the facts he may weigh and

consider the evidence and sustain defendants's [sic] motion even though plaintiff's evidence establishes a prima facie case that would have precluded a directed verdict for defendant in a jury case. Plaintiff has the burden to establish his case by a preponderance of the evidence, and is not entitled to have his evidence taken at face value or viewed in a light most favorable to him." 5 J. Moore, Moore's Federal Practice ¶ 41.13[4], at 41–176 to 41–179 [Footnotes omitted.]

It is apparent that the decisions of this Court applying the directed verdict standard to nonjury cases resulted from misplaced reliance upon the original case, *Thompson v. Nettum, supra.* While the earlier standard was appropriate when a motion for dismissal was made in a jury case, the underlying basis for applying that standard is missing in a case tried to the court without a jury because the court is not required to leave resolution of factual disputes for the jury. "When the reason of a rule ceases so should the rule itself." Section 31–11–05(1), N.D.C.C. The reason for applying the prior standard has ceased, and we conclude that in ruling on a Rule 41(b) motion for dismissal the trial court may resolve conflicts in the evidence and assess the credibility of the witnesses. The court shall make findings of fact, and we will be guided by the "clearly erroneous" standard, Rule 52(a), in reviewing these findings of fact on appeal. To the extent that prior opinions of this Court are in conflict with our holding, they are overruled.

Although the trial court in this case stated that it had viewed the evidence in the light most favorable to Shark, it is clear that the court weighed the evidence and assessed credibility in arriving at its findings of fact. The court's dismissal of the action was based upon its finding that Shark was responsible for the satisfaction of mortgage being given to Carmen without contemporaneous return of an assignment of Carmen's interest in the Bluffview property. Because this was the only allegation of professional negligence which

had been pleaded by Shark, the court concluded that there was no liability on the part of the defendants.

We have reviewed the record and conclude that the trial court's findings of fact on this issue are not clearly erroneous. Because we agree with the trial court that this was the only allegation of professional negligence pleaded, the court's conclusion that Shark failed to prove liability was not erroneous and dismissal under Rule 41(b) was appropriate.

## VII

Shark contends that the trial court erred in directing entry of judgment of dismissal and certifying pursuant to Rule 54(b), N.D. R.Civ.P., that there was "no just reason for delay" in entering judgment. Shark argues that our decision in *Union State Bank v. Woell,* 357 N.W.2d 234 (N.D.1984), precluded entry of judgment in this case.

Rule 54(b) allows the trial court to enter a judgment which disposes of fewer than all claims against all parties in multi-claim or multi-party litigation if the court determines that there is "no just reason for delay." In *Woell, supra,* 357 N.W.2d at 237, we advised that Rule 54(b) certifications should not be entered routinely. We also cautioned that the trial court should not merely recite the language of the Rule, but should list specific factors supporting its decision to certify. We will not, however, remand to the trial court for a statement of reasons if we can determine from the record the basis of the trial court's decision to certify under Rule 54(b). *Woell, supra,* 357 N.W.2d at 238.

Although the trial court in this case did not specify its reasons for certifying, we find the basis for its ruling apparent from the record. The court clearly issued its 54(b) certification because there were no matters left to try. During trial, the court directed Shark's counsel to enter a default judgment against Carmen, who did not appear personally or through coun-

sel at trial.[4] Thus, the court contemplated entering separate judgments against the various defendants and Rule 54(b) therefore applied.

We will set aside a Rule 54(b) certification only if the trial court has abused its discretion. *Woell, supra,* 357 N.W.2d at 236. Although it may have been preferable to enter one judgment disposing of all issues in the case, we find no abuse of discretion in the court's decision to enter separate judgments and certify under Rule 54(b).

### VIII

Shark contends that the costs and disbursements taxed in favor of the defendants were excessive. Shark objects to allowance of $2,250 in expert witness fees and allowance of attorney travel costs for depositions. We have previously held that the amount of expert witness fees and costs for the necessary expenses of taking depositions are discretionary with the trial court, and the court's determination will be overturned on appeal only if an abuse of discretion is shown. *Keller v. Vermeer Manufacturing Co.,* 360 N.W.2d 502, 508 (N.D.1984); *Buzzell v. Libi,* 340 N.W.2d 36, 42–43 (N.D.1983). We find no abuse of discretion.

### CONCLUSION

In accordance with the foregoing reasons, the judgment of the district court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

**4.** Judgment had not been entered against Car-   men at the time this appeal was taken.