GREENWOOD, GREENWOOD &
GREENWOOD, P.C., Plaintiff
and Appellee,

v.

Ernest E. KLEM, Defendant
and Appellant.

Civ. No. 890102.

Supreme Court of North Dakota.

Jan. 18, 1990.

Freed, Dynes, Reichert & Buresh, P.C., Dickinson, for plaintiff and appellee; argued by Eugene F. Buresh.

Ernest E. Klem, Belfield, pro se.

ERICKSTAD, Chief Justice.

Ernest Klem appealed from a county court order[1] awarding the law firm of Greenwood, Greenwood & Greenwood, P.C., $2,655.60 plus interest, costs and disbursements for legal services rendered in a criminal proceeding against Klem. We affirm.

After a mistrial on two counts of gross sexual imposition, Klem retained the Greenwood law firm to defend him in a second trial on those charges. On August 17, 1987, Klem and Mark Greenwood executed a written agreement in which the Greenwood law firm agreed to defend Klem. According to the written agreement, Klem paid the Greenwood firm $5,000 as an initial retainer which was to be "applied against the legal services actually performed (for Klem) ... by the firm ... at standard hourly rates for partners and associates from $75.00 per hour to $150.00 per hour, except Court appearances, (and) depositions for which minimum fees in excess of hourly fees may be charged." The written agreement also required Klem to pay out-of-pocket disbursements.

Klem was convicted on both counts of gross sexual imposition and incarcerated in the State Penitentiary in January 1988. He retained a different attorney and appealed the conviction to this court. In *State v. Klem*, 438 N.W.2d 798 (N.D.1989), decided on March 22, 1989, a majority of this court reversed Klem's conviction and remanded for a new trial. Klem was then released from the State Penitentiary, and the criminal charges against him have since been dismissed.

Klem paid the Greenwood law firm a total of $12,800 for legal services rendered in the second trial. The law firm claimed that Klem owed it an additional $2,655.60 plus interest, and when he failed to pay that amount, it commenced this action to collect that amount by serving a summons and complaint upon Klem in the State Penitentiary on July 7, 1988. On July 13, 1988, Klem, representing himself, answered, denying that he owed the firm $2,655.60. A bench trial was scheduled for December 20, 1988, but was continued until March 17, 1989. On March 6, 1989, the county court informed the parties that the trial would not be continued again. On March 9, 1989, Klem served a demand for a jury trial which the trial court denied. After a bench trial on March 17, 1989, the court found that Klem owed the Greenwood law firm $2,655.60 plus interest, costs and disbursements. Klem has appealed.

I

Klem contends that the trial court abused its discretion in denying his demand for a jury trial.

Article I, Section 13, of the North Dakota Constitution provides, in part, that "[t]he right of trial by jury shall be secured to all, and remain inviolate." However, under Rule 38, N.D.R.Civ.P.,[2] a party waives a

---

1. Klem's notice of appeal, dated March 27, 1989, states that it is from the "ORDER" issued March 21, 1989. That "ORDER" was the trial court's memorandum opinion. However, findings of fact with an order for judgment and a subsequent judgment consistent with that memorandum opinion were entered on March 28, 1989. Consequently, we treat this appeal as properly before us. *Olson v. Job Service of North Dakota*, 379 N.W.2d 285 (N.D.1985); *Federal Savings & Loan Insurance Corp. v. Albrecht*, 379 N.W.2d 266 (N.D.1985).

2. Rule 38, N.D.R.Civ.P., governs the procedure for invoking the right to a jury trial and provides, in part:

"*(b) Demand.* Any party may demand a trial by jury of any issue triable of right by jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

\*　　\*　　\*　　\*　　\*　　\*

jury trial on any issue triable of right by a jury unless an affirmative demand for a jury trial is made no later than ten days after service of the last pleading directed to that issue. *Land Office Co. v. Clapp–Thomssen Co.*, 442 N.W.2d 401 (N.D.1989).

■ In this case, the Greenwood law firm served the summons and complaint on Klem on July 7, 1988. Klem answered on July 13, 1988; however, he did not demand a jury trial until March 9, 1989. Under Rule 38, N.D.R.Civ.P., the demand for a jury trial was therefore not within 10 days after the service of Klem's answer, the last pleading directed to the issues. Klem therefore waived his right to a jury trial. Klem's assertion that his demand for a jury trial was timely because it was made within ten days of the trial court's March 6, 1989 order that the trial would not be continued again ignores that that order is not a pleading directed to the issues of the case.

■ Pursuant to Rule 39(b), N.D.R.Civ.P.,[3] a trial court has broad discretion to grant relief from the waiver of the right to a jury trial, and we will not reverse the denial of an untimely request for a jury trial unless the trial court abused its discretion. *Land Office Co. v. Clapp–Thomssen, supra; Bank of Steele v. Lang*, 399 N.W.2d 293 (N.D.1987); *Shark v. Thompson*, 373 N.W.2d 859 (N.D.1985). A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably. *Land Office Co., supra.* Relying on federal caselaw construing the corresponding federal rule, in *Shark v. Thompson, supra*, we said that a trial court does not abuse its discretion in denying a Rule 39(b) motion when the failure to make a timely demand for a jury trial results from mere oversight or inadvertence on the part of the moving party. We also said that "[c]ounsel's misunderstanding of the rules or a mistaken belief that no demand was necessary amounts to mere inadvertence." *Shark v. Thompson, supra*, 373 N.W.2d at 864, *citing Beckham v. Safeco Insurance Co. of America*, 691 F.2d 898 (9th Cir. 1982), and *Aetna Casualty and Surety Co. v. Jeppesen & Co.*, 642 F.2d 339 (9th Cir. 1981).

■ Klem contends that he is not learned in the law and that he did not know when he was required to demand a jury trial. However, an attorney's misunderstanding of the rules constitutes mere inadvertence [*Shark v. Thompson, supra* ], and it is a well established principle of law in this state that our statutes or rules on procedure will not be modified or applied differently merely because a party not learned in the law is acting pro se. *E.g., Federal Land Bank of St. Paul v. Overboe*, 426 N.W.2d 1 (N.D.1988); *Hennebry v. Hoy*, 343 N.W.2d 87 (N.D.1983). Klem, as a pro se litigant, is not entitled to any different treatment than an attorney.

■ Klem demanded a jury trial on March 9, 1989, just eight days before the scheduled date of trial and eight months after the service of the last pleading directed to the issues in this case. In September 1988 the parties were notified that the case had been set for a bench trial on December 20, 1988. On December 16, 1988, the parties were notified that the bench trial scheduled for December had been continued until March 17, 1989.

We conclude that the trial court did not act arbitrarily, capriciously, or unreasonably in denying Klem's belated request for

---

"*(e) Waiver.* The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A waiver of trial by jury is not revoked by an amendment of a pleading asserting only a claim or defense arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

**3.** Rule 39(b), N.D.R.Civ.P., provides:

"*(b) By the Court.* Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

a jury trial. We therefore conclude that the court did not abuse its discretion.

## II

Klem asserts that Attorney Mark Greenwood's participation in this action violated several rules of professional conduct. Klem first claims that Mark Greenwood violated certain ethical considerations because he did not offer any evidence that he was authorized by the Greenwood law firm to file suit against Klem.

■ Section 27-13-04, N.D.C.C.,[4] allows a court, on motion of either party, to require the adverse party to prove the authority under which the attorney appears. Our statute follows the strong presumption that an attorney who files a lawsuit does so with the authority of his client and the burden of proving lack of authority is on the party denying the authority of the attorney. *See* 7 Am.Jur.2d, *Attorneys at Law*, §§ 142, 145 (1980). Klem did not make a motion under Section 27-13-04, N.D.C.C., or raise any issue about the authority of counsel in the lower court, and he cannot raise that issue for the first time on appeal. *See First Nat'l Bank & Trust Co. v. Jacobsen*, 431 N.W.2d 284 (N.D. 1988); *Flex Credit, Inc. v. Winkowitsch*, 428 N.W.2d 236 (N.D.1988).

■ Klem also argues that Mark Greenwood has a conflict of interest in prosecuting this civil action for "illegal and unearned fees" because of Greenwood's ineffective representation of Klem in the criminal action. The ethical considerations cited by Klem generally refer to conflicts of interest; however, this collection action is based upon a contractual agreement between Klem and the Greenwood firm for payment for legal services.

It is well established that an attorney may commence an action against a former client in a fee dispute. *Holie v. Forbes et al.*, 64 N.D. 696, 256 N.W. 157 (1934); *see,*

*e.g.*, 7 Am.Jur.2d, *Attorneys at Law* § 306 (1980). Additionally the attorney may testify at the trial of the fee dispute. *See* Rule 3.7(a)(2), N.D. Rules of Professional Conduct. There was no conflict of interest in bringing this action to collect legal fees.

## III

■ Klem argues that the trial court abused its discretion by allowing the Greenwood firm to request payment of fees without an itemized hourly breakdown for the work performed. Klem's argument is essentially that the court's findings of fact are not supported by evidence.

Our review of the trial court's findings of fact is governed by the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. A finding of fact is clearly erroneous when, although there may be some evidence to support it, the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake was made. *Coldwell Banker v. Meide & Son, Inc.*, 422 N.W.2d 375 (N.D.1988).

In this case the evidence adduced at trial included the total amount that had been paid by Klem, the balance due, an itemized statement of the services rendered by the Greenwood firm, and the amount charged for the services. That evidence supports the trial court's findings. Although the fees for jury selection and the jury trial were not itemized on an hourly charge, the fees were itemized on a daily basis and therefore provided a discernible basis for calculation. Moreover, the written agreement specified that fees for those services were governed by the "court appearances" provision of the contract "for which minimum fees in excess of hourly fees may be charged."

Klem also relied upon a purported oral modification of the written retainer agreement. According to Klem, in November 1987 he and Mark Greenwood had entered

---

**4.** Section 27-13-04, N.D.C.C., provides:
 "*27-13-04. Court may require proof of attorney's authority—Proceedings stayed until proof furnished.*—A court, on motion of either party and on the showing of reasonable grounds therefor, may require the attorney for the adverse party, or for any one of the several adverse parties, to produce or prove by his oath or otherwise the authority under which he appears and until he does so may stay all proceedings by him on behalf of the parties for whom he assumes to appear."

into a verbal agreement in which the law firm agreed to accept $11,500 as payment in full for the attorney fees if that amount was paid by November 13, 1987. However, the evidence adduced at trial demonstrated that Klem failed to pay that amount by that date.

After reviewing the record, we are not left with a definite and firm conviction that the trial court made a mistake in finding that Klem owed the Greenwood firm $2,655.60 for legal services. The trial court's findings of fact are therefore not clearly erroneous.

Klem also contends that the court was partial and prejudiced in considering the evidence.

■ The record demonstrates that the trial court gave Klem, who appeared pro se, wide latitude to present evidence to support his theory that he did not owe the remaining attorney fees because he received ineffective representation by the Greenwood law firm. Under Rule 408, N.D.R.Ev.,[5] the court did not err in refusing to consider an offer of settlement made by the Greenwood law firm in which it offered to drop this collection action in consideration for Klem dropping his legal malpractice action against the firm.

### IV

Klem also asserts that the trial court violated certain rules of judicial conduct.

Klem argues that the court did not avoid impropriety in its activities when it did not grant him a jury trial and when it allowed attorney Gene Buresh to appear for the Greenwood law firm at trial. However, as we have previously held in Part I of this opinion, the trial court did not abuse its discretion in denying Klem's belated request for a jury trial. Moreover, Klem did not raise any issue about the authority of trial counsel in the lower court.

■ Klem also argues that the county court violated Rule 3(A)(6), N.D.R.J.C.,[6] when, at the beginning of trial, it mentioned Klem's legal malpractice action against the Greenwood law firm which he was in the process of commencing in district court. That discussion was during the course of the county court's "official duties" and was not prohibited by that rule. Moreover, the county court mentioned the malpractice case within the context of informing Klem that it might be a compulsory counterclaim to this collection action and offering him an opportunity for a continuance so that steps could be taken to have the cases heard together. However, the parties agreed that the claims would be heard separately. *See Klem v. Greenwood*, 450 N.W.2d 738 (N.D.1990) [holding that Klem's legal malpractice action was not barred by this action because the parties agreed to a separate resolution of the malpractice claim].

The county court judgment is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

5. Rule 408, N.D.R.Ev., provides:
   "Evidence of (1) furnishing, offering, or promising to furnish, or (2) accepting, offering, or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for, invalidity of, or amount of the claim or any other claim. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. Exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations is not required. This rule does not require exclusion if the evidence is offered for another purpose, such as proving bias or prejudice of a witness, disproving a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

6. Rule 3(A)(6), N.D.R.J.C., provides:
   "(6) A judge shall abstain from public comment about a pending or impending proceeding in any court, and shall require similar abstention on the part of court personnel subject to the judge's direction and control. This subsection does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court."