Curtis and Kimberly McMURL,
Plaintiffs and Appellees,

v.

A.R. MINCH, d/b/a Minch Investment
Co., Defendant and Appellant.

Civ. No. 930115.

Supreme Court of North Dakota.

Sept. 29, 1993.

Curtis and Kimberly McMurl, Fargo, submitted on brief.

A.R. Minch, pro se.

VANDE WALLE, Chief Justice.

A.R. Minch appealed from a district court judgment in favor of plaintiffs Curtis and Kimberly McMurl, contending that the district court abused its discretion in refusing to afford him a jury trial. We affirm.

Curtis and Kimberly McMurl commenced this action without counsel in Cass County Small Claims Court. Minch, also proceeding without counsel, filed an answer and counterclaim on October 5, 1992, and removed the case to district court the following day. Although these were the final pleadings in the action, they included no demand for a jury trial, and no demand was made within 10 days after their filing. *See* Rule 38(b), NDRCivP. On October 27, 1992, the McMurls filed a Note of Issue and Certificate of Readiness, and a bench trial was scheduled for January 22, 1993.

On December 22, 1992, Minch wrote a letter to the district court requesting that the proceedings be stayed until January 31, 1993, so that he would have time to conduct discovery and to consult with counsel regarding his "constitutional rights to a trial by jury...." [1]

1. The December 22, 1992, letter provided as follows:
  "As explained in my letter of November 5, 1992, to Curt and Kim McMurl, I will be unable to adequately defend myself prior to consultation with my counsel after January 31, 1993. At that time I will be able to discuss with him my constitutional rights to a trial by jury and my rights to assistance by counsel of my choice.
  In order to adequately defend myself, there will have to be a discovery process concerning: 1. Why the tenant refused to pay agreed upon rent. 2. Why the tenant gave inadequate notice of contract termination. 3. Why the tenant treated normal maintenance as emergency

The district court construed Minch's letter as a request for a continuance; this request was denied. A bench trial took place on January 22, 1993, whereupon judgment was entered in favor of the plaintiffs. This timely appeal followed.

Minch asserts that his December 22, 1992, letter to the court constituted a demand for a jury trial "in substantial compliance with the rules of Civil Procedure." Minch contends that the court thus abused its discretion by not honoring this demand. We disagree.

Rule 38 of the North Dakota Rules of Civil Procedure provides in relevant part,

### "RULE 38—JURY TRIAL OF RIGHT

(a) Right Preserved. The right of trial by jury as declared by the constitution of the United States or by the constitution of the state of North Dakota or as given by a statute of the United States or of the state of North Dakota shall be preserved to the parties inviolate.

(b) Demand. Any party may demand a trial by jury of any issue triable of right by jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

 \* \* \* \* \* \*

(e) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury. . . ."

Rule 38, NDRCivP. When a party waives his or her right to a jury trial by failing to observe the requirements of Rule 38, a trial court may nevertheless afford the party a jury trial under Rule 39(b), NDRCivP. Rule 39(b) provides,

"(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38

shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Rule 39(b), NDRCivP.

Minch concedes that he did not strictly adhere to the requirements of Rule 38 for demanding a jury trial. Rather, Minch argues that the trial court's failure to invoke its Rule 39 authority to order a trial by jury amounted to an abuse of discretion.

■■■ Rule 39 explicitly provides that the decision whether or not to order a jury trial, after a waiver thereof, lies within the discretion of the trial court. A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably. *Swanston v. Swanston,* 502 N.W.2d 506 (N.D.1993). We will not find a trial court's decision to be arbitrary, unconscionable, or unreasonable if the decision is the product of a rational mental process in which the facts and law are stated and are considered together for the purpose of achieving a reasoned and reasonable determination. *Matter of Conservatorship of Kinney,* 495 N.W.2d 69 (N.D.1993).

We have stated that "[i]t is not an abuse of discretion to deny a Rule 39(b) motion when the failure to make a timely demand for a jury trial results from mere oversight or inadvertence on the part of the moving party." *Shark v. Thompson,* 373 N.W.2d 859, 864 (N.D.1985) [citations omitted]. In fact, this court has consistently found no abuse of discretion when trial courts have refused to exercise their discretionary power under Rule 39 to order jury trials, when the demands for trial by jury were not made in compliance with Rule 38. *See, e.g., Hanson v. Williams County,* 452 N.W.2d 313 (N.D. 1990); *Greenwood, Greenwood & Greenwood v. Klem,* 450 N.W.2d 745 (N.D.1990); *Land Office Co. v. Clapp–Thomssen Co.,* 442 N.W.2d 401 (N.D.1989); *Shark v. Thompson,*

---

problems. 4. Why the tenant gave no written notice for expenses claimed. 5. Why alleged repairs were more than necessary under the circumstances.

This letter will be hand delivered today, December 22 so that 30 days notice is given prior to the scheduled trial."
The November 5, 1992, letter to which Minch refers made no mention of a jury trial.

*supra.* We can find no circumstances unique to this case that justify breaking established precedent.

Minch contends that he made a demand for a jury trial in his December 22, 1992, letter. If so, this demand was seventy-seven days after the final pleading in the action. Whether by inadvertence or mere oversight, Minch therefore failed to comply with the procedural requirements of Rule 38. Although we are aware that Minch is acting without counsel in this matter, we have uniformly held that the failure to observe procedural rules will not be excused merely because the party is proceeding without the aid of counsel. *See, e.g., Greenwood, Greenwood & Greenwood v. Klem, supra.* Furthermore, we note that it was Minch himself who removed this action from the informal setting of the small claims court to the formal setting of the district court. A person who removes a proceeding from small claims court should expect to be held to the formal strictures of the law, including those entitling the person to a trial by jury.

Because Minch's "demand" for a jury trial was untimely, and in light of the ambiguity of Minch's "demand", we believe that the trial court's decision to deny Minch a jury trial was indeed the product of a rational thought process aimed at achieving a reasoned and reasonable determination.

The judgment of the district court is affirmed.

MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.