[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE MOTION IN LIMINE
In this case plaintiff TCR Manchester I Limited Partnership and plaintiff Town Pavilions II Associates Limited Partnership have, in separate actions appealed from assessments made by the Town of Manchester on properties owned by them in the town. Both cases are set down for court trial on March 9, 1994. On February 7, 1994 the plaintiffs filed motions in limine to be heard at short calendar which seek to preclude the defendant town from introducing into evidence the sales price of a sale or transfer that occurred over three years after the decennial revaluation for the purpose of supporting the assessor's valuation of the property on the date of the decennial revaluation.
The first question to be considered is whether the court CT Page 2286 should entertain these motions in limine as a procedural matter. Discussion of this procedure in our state and other jurisdictions is contained in Connecticut Evidence, Tait 2 LaPlante, 2.6. pp 29-31, Annotation at 63 ARL 3d 311, and discussion in 75 Am.Jur.2d 94-114 pp. 306 et seq. When these authorities refer to the novelty of this type of motion practice they talk in terms of jury cases where the trial judge hears a pretrial motion to exclude evidence that might be prejudicial if heard by the jury.
The term has been loosely used however and several cases refer to rulings on motions in limine in court trials, Tomasso Bros. Inc. v. October Twenty Four Inc., 221 Conn. 194, 199
(1992), Eslami v. Eslami, 218 Conn. 801, Robert Reynolds Assoc. Inc. v. Asbek, 23 Conn. App. 247 (1990), Cabrera v. Cabrera, 23 Conn. App. 330 (1990). Before the term motion in limine was ever invented trial judges in court trials heard arguments ancillary to the admission of certain types of evidence claimed to be unfairly prejudicial. It can't be ascertained from reading the Tomasso or Callbrera case but in Eslami id at page 804, and Robert Reynolds Assoc. id at page 255 the so called motions in limine were heard shortly after trial began. They hardly can be considered authority for allowing counsel, facing a court trial, to file such a motion weeks or days before a trial and have it heard at short calendar by a judge who in all likelihood may not be the trial judge.
If such a practice were countenanced the already too busy short calendar docket would be burdened by these motions for no apparent reason. There is not even a claim that the evidence sought to be introduced here is prejudicial or that the trial is to be lengthy and complicated or that a decision on this matter will allow counsel to more effectively prepare for trial avoiding undue surprise or wasted effort. Even if all of these things were to be true it is still not clear why the trial judge couldn't deal with what is in fact a clear cut, concise legal issue.
Strictly speaking the motion in limine was developed as a "procedural tool used to ensure that potentially prejudicial evidentiary matters are not discussed in the presence of the jury." Shark v. Thompson, 373 N.W.2d 859, 864 1 N.D., 1985). It was in that sense that the Sharp court would say that permitting a pretrial motion concerning the possible exclusion CT Page 2287 of evidence before actual trial began "can serve no useful purpose in a non jury case." Id at page 864.
In any event, none of the cases this court has read permit or even contemplate that any such motion — even broadly defined — should be heard by anyone but the trial judge. To permit these matters to be heard by a short calendar judge who may not be the trial judge is undesirable for reasons of the propriety of hearing this type of motion in the first place.
Some of these motions should not be heard on an in limine basis because a decision requires the development of a factual basis at trial. Why should a busy short calendar judge make decisions concerning such an issue when a trial judge assigned the case for trial in a week or two can examine the file at his or her leisure and make the necessary inquiries of counsel to determine such a question.
Even more importantly rulings on such motions often if not always should be considered interlocutory in nature. The judge trying the case upon reflection and as the evidence develops may conclude his original ruling on the motion was incorrect. Should the trial judge be bound by the decision of a short calendar judge whose reasoning he or she is not even aware of — a decision made weeks or days before trial. Given the interlocutory nature of these motions it makes more sense in terms of encouraging an intelligent decisional process to have one judge — the trial judge — hear these preliminary matters, continue to live with his or her decision as the case progresses and the evidence develops and reserve the right to change the ruling previously made if fairness indicates this would be the best course. The motion in limine is denied without prejudice and should be heard by the trial judge.
Corradino, J.