Bonny HANSON, Plaintiff
and Appellant,

v.

WILLIAMS COUNTY, North Dakota and
Ingram Manufacturing Company, Inc.,
Defendants and Appellees.

Civ. No. 890151.

Supreme Court of North Dakota.

March 1, 1990.

Winkjer, McKennett, Stenehjem, Murphy & Reierson, Williston, for plaintiff and appellant; argued by Dean Winkjer.

Bjella, Neff, Rathert, Wahl & Eiken, P.C., Williston, for defendant and appellee Williams County; argued by Paul W. Jacobson, Williston.

Nilles, Hansen & Davies, Ltd., Fargo, for defendant and appellee Ingram Mfg. Co.; argued by Stephen W. Plambeck, Fargo.

MESCHKE, Justice.

Bonny Hanson appealed from a judgment dismissing her claim for the wrongful death of her son. We conclude that the trial court did not abuse its discretion in denying Hanson's motion for a jury trial and that the trial court's findings of fact were not clearly erroneous. We therefore affirm.

Hanson's son, Todd Hefta, was killed in a construction accident while employed by the City of Williston. Hefta was standing behind a twelve-ton earth packer, apparently getting a drink of water from a cooler that had been left onthe back of the packer, when another City employee started the packer in gear. The packer immediately

traveled backward at a rapid rate of speed, crushing Hefta. The packer had been manufactured by Ingram Manufacturing Company in 1963 and was owned by Williams County. The City was using the packer pursuant to an equipment exchange agreement with the County.

Hanson sued Ingram and Williams County for wrongful death, alleging negligence, strict liability, breach of warranty, fraud, misrepresentation, and violation of OSHA regulations. The trial court granted summary judgment dismissing Hanson's claim against Ingram, holding that the action was untimely under the applicable statute of repose, NDCC 28–01.1–02. On appeal, in *Hanson v. Williams County*, 389 N.W.2d 319 (N.D.1986), we held the statute of repose unconstitutional, reversed the summary judgment, and remanded for trial.

On remand, Hanson's attorney realized that no demand for a jury trial had been made. In late 1987, over three and one-half years after the action had been commenced, Hanson moved for a trial by jury pursuant to NDRCivP 39(b). The trial court denied the motion and the case was tried to the court in May 1988. The court found no liability on the part of either defendant. Judgment was entered dismissing Hanson's claim, and she appealed.

Hanson asserted that the trial court erred in denying her motion for a trial by jury. NDRCivP 38(b) sets forth the appropriate procedure to demand a jury trial as a matter of right:

> *Demand.* Any party may demand a trial by jury of any issue triable of right by jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

Failure of a party to serve a timely demand in conformity with NDRCivP 38(b) consti-

tutes a waiver of the right to trial by jury. NDRCivP 38(e); *Land Office Co. v. Clapp–Thomssen Co.*, 442 N.W.2d 401, 403 (N.D.1989). Hanson conceded that no timely demand for a jury trial had been served. As *Shark v. Thompson*, 373 N.W.2d 859, 863 (N.D.1985) illustrates, Hanson therefore waived her right to trial by jury.

■ NDRCivP 39(b), however, authorizes discretionary relief from a waiver of the right to trial by jury:

> *By the Court.* Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Hanson sought a jury trial under NDRCivP 39(b). At the hearing on her motion, Hanson's counsel told the court that he had been so preoccupied with the constitutional issue on the statute of repose that he had inadvertently failed to demand a jury trial in the complaint.[1] The trial court denied her motion, citing the length of the delay and the complex nature of the case as factors weighing against the granting of a jury trial.

In *Shark v. Thompson*, 373 N.W.2d at 863–864, we explained our standard of review in a case such as this:

> The trial court has broad discretion in determining whether to provide relief from waiver and grant a jury trial under Rule 39(b).... The denial of the motion must be sustained on appeal unless it is shown that the trial court abused its discretion.... It is not an abuse of discretion to deny a Rule 39(b) motion when the failure to make a timely demand for a jury trial results from mere oversight or inadvertence on the part of the moving party.

In *Greenwood, Greenwood & Greenwood, P.C. v. Klem*, 450 N.W.2d 745, 747 (N.D.

---

**1.** It is highly preferable that assertions of fact concerning the reasons for delay in filing a demand for jury trial be by affidavit or other sworn testimony. Unsworn statements of counsel at oral argument in the trial court or assertions in the brief do not carry the same weight as sworn statements.

1990), we again applied that standard in upholding the denial of a Rule 39(b) motion where a pro se litigant asserted that his lack of knowledge of the rules led to his failure to serve a timely demand for a jury trial.

■ Hanson conceded that the only reason given for the delay in this case was inadvertence or mistake by counsel. In addition, the trial court noted the extraordinary length of the delay (over three years) and the extremely complex nature of the case, which included multiple theories and parties. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying the motion for a jury trial.

■ Counsel also asserted for the first time at oral argument to this court that the waiver provisions of NDRCivP 38(e) might somehow violate Article I, Section 13 of the North Dakota Constitution, which declares that "[t]he right of trial by jury shall be secured to all, and remain inviolate." [2] It is well established that an issue not presented to the trial court will not be considered for the first time on appeal. *Gange v. Clerk of Burleigh County District Court*, 429 N.W.2d 429, 432 n. 3 (N.D. 1988). This constraint applies with particular force to a constitutional issue. *Gange*, 429 N.W.2d at 432 n. 3; *State v. Slapnicka*, 376 N.W.2d 33, 36 (N.D.1985). We therefore decline to address this argument.

■ The remaining arguments by Hanson on appeal challenged the trial court's findings of fact.[3] As a preliminary matter, however, we address Hanson's assertion that the "clearly erroneous" standard of review in NDRCivP 52(a) does not govern our review of the findings of fact in this case.

The trial in this case lasted several days and included testimony by numerous witnesses. Hanson pointed out that two wit-

nesses were unavailable for trial, and their testimony was admitted by way of deposition and written statements. Hanson asserted that, because the trial court did not view the demeanor of these witnesses, NDRCivP 52(a) is inapplicable. Hanson relied upon *Krohnke v. Lemer*, 300 N.W.2d 246 (N.D.1980). In *Krohnke*, the trial judge died after trial but before deciding the case. By stipulation of the parties, another district judge reviewed the transcript and made a decision. Because the second judge did not see or hear any of the witnesses testify, but made the decision solely from review of the transcript, this court held that the deference ordinarily accorded the trial court's factual determinations was not warranted and NDRCivP 52(a) did not apply. *Krohnke*, 300 N.W.2d at 247. Later, we limited our holding in *Krohnke* to situations where *all* of the evidence was documentary in nature. In *Paulson v. Meinke*, 352 N.W.2d 191 (N.D. 1984), and *McCroskey v. Fettes*, 336 N.W.2d 645 (N.D.1983), we held that, where some witnesses testified in court and other testimony was admitted by deposition, the trial court's ability to observe the demeanor of the witnesses who testified in person called for application of the "clearly erroneous" standard.

Any possible doubt about application of the "clearly erroneous" standard in this case has been clarified by the amendment to the Explanatory Note for NDRCivP 52, effective January 1, 1986. The Explanatory Note now makes it clear that NDRCivP 52(a) governs appellate review of factual findings based upon documentary evidence as well as live testimony:

A .choice between two permissible views of the evidence is not clearly erroneous when the trial court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations. *Anderson v. City of Bessemer City,*

---

2. Counsel's assertion at oral argument differed from his statement in appellant's brief that "the constitutionality of jury trial waiver rules has been upheld."

3. Hanson attempted to frame some of these issues as questions of law. Careful review of

Hanson's arguments, however, reveal that she has really challenged the factual findings underlying the conclusions of law, and not the trial court's resolution of legal issues. We therefore treat all of these arguments as challenges to the court's findings of fact.

*N.C.,* 470 U.S. [564], 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Prior decisions of this Court to the contrary are to be disregarded.

*See also Monson v. Dwyer,* 378 N.W.2d 865, 866 (N.D.1985); *Stracka v. Peterson,* 377 N.W.2d 580, 582 (N.D.1985). We conclude that the "clearly erroneous" standard governs our review of the trial court's findings of fact.

Hanson challenged numerous findings of fact made by the trial court. Lengthy written discussion and analysis of each assertion would serve little purpose. We have considered each argument raised by Hanson. From our review of the record, we conclude that the trial court's findings of fact were not clearly erroneous.

The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE and LEVINE, JJ., concur.

VANDE WALLE, J., concurs in the result.