**FIRST AMERICAN BANK WEST, as Personal Representative of the Estate of Peter Michalenko, Jr., deceased, Plaintiff,**

v.

**Violet E. MICHALENKO, Defendant and Appellant,**

**Carol Hendrickson, Roberta R. Leibner, and Cynthia Nechiporenko, Defendants and Appellees.**

Civ. No. 920217.

Supreme Court of North Dakota.

June 16, 1993.

Mark V. Larson, of McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendant and appellant.

Donald A. Negaard, of Pringle & Herigstad, PC, Minot, for defendant and appellee Cynthia Nechiporenko.

Moody M. Farhart, of Farhart, Lian, Maxson, Sorensen, Louser & Zent, Minot, for defendants and appellees Roberta R. Leibner and Carol Hendrickson.

VANDE WALLE, Chief Justice.

Violet Michalenko appealed from a judgment entered upon a jury verdict declaring a premarital agreement valid. We affirm.

Violet was the niece of Peter Michalenko's first wife, Bertha. Bertha died in 1972. A few weeks after divorcing her first husband in 1973, Violet married Peter. Violet and Peter signed a premarital agreement, each agreeing to relinquish any rights acquired in the other's property by marriage. Under the terms of the agreement, Violet was to receive $5,000 and a life estate in certain property upon Peter's death.

Peter died intestate on December 1, 1990, and First American Bank West was named personal representative of the estate. Because of the uncertainty caused by the premarital agreement, the Bank brought a declaratory judgment action under Chapter 32–23, N.D.C.C., to determine the validity of the agreement. Peter's three daughters and Violet were named as defendants.

Violet asserted that the premarital agreement was invalid because she did not understand it when she signed it, did not receive advice of independent counsel, and did not know the value of Peter's property. The daughters asserted that Violet signed the agreement with full knowledge of the extent of Peter's property, and that Violet was amply provided for through property that she received outside the estate.[1] Two of the daughters, Carol Hendrickson and Roberta Leibner, demanded a jury trial.

After a pretrial conference on November 27, 1991, the district court entered an order setting the case for jury trial on April 7, 1992, and further ordered that all pretrial motions be filed by March 1, 1992. On the morning of trial, Violet moved to strike the jury. The court denied the motion, concluding that it was untimely. The case was submitted to the jury, which returned its verdict declaring the premarital agreement valid. Violet appealed.

I

Violet asserts that the district court erred in denying her motion to strike the jury. Underlying Violet's assertion is the presumption that there is an absolute right to have an equitable action tried to the court instead of a jury. Violet cites no cases directly supporting this proposition, but relies upon cases such as *Production Credit Association of Mandan v. Rub*, 475 N.W.2d 532 (N.D.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1235, 117 L.Ed.2d 469 (1992), *First National Bank and Trust Co. v. Brakken*, 468 N.W.2d 633 (N.D. 1991), and *Dakota Bank and Trust Co. v. Federal Land Bank of St. Paul*, 437 N.W.2d 841 (N.D.1989), in which we held that there is no absolute right to a jury trial in an equitable action. Although we have often held that there is no absolute right to a jury trial in equity, we have

---

1. The daughters assert that Violet received joint-tenancy property, including farmland valued at $22,000, a van worth $4,000, and bank accounts worth more than $3,500; IRA's valued at approximately $20,000; life insurance proceeds of $6,500; the house and furnishings worth $87,000; and the $5,000 allowance to a surviving spouse under Section 30.1–07–01, N.D.C.C.

never specifically recognized a converse right to have an equitable action tried to the court without a jury.

We find it unnecessary to resolve this issue because we conclude that, even if such a right exists,[2] Violet waived it by failing to make a timely objection. If there is an implicit right to try an equitable action without a jury, that right is no more extensive than the explicit constitutional right to a jury trial in other cases. *See* N.D. Const. Art. I, § 13. It is well settled that the right to trial by jury is waived if not timely demanded. Rule 38(e), N.D.R.Civ.P.; *Hanson v. Williams County*, 452 N.W.2d 313 (N.D.1990); *Greenwood, Greenwood & Greenwood, P.C. v. Klem*, 450 N.W.2d 745 (N.D.1990). Under Rule 39(b), N.D.R.Civ.P., the trial court has broad discretion to grant relief from the waiver of jury trial, and the trial court's determination will not be reversed unless it has abused its discretion. *Hanson, supra; Greenwood, supra.*

Conversely, if there is a "right" to trial by the court in an equitable action, that right is waived by the failure to timely assert it, and the trial court is accorded broad discretion in determining whether to grant relief from such a waiver. By denying Violet's untimely motion to strike the jury, the court in essence was refusing to grant relief from Violet's waiver of her "right" to have the matter tried to the court.

The parties have inexplicably failed to cite Rule 39(a) and (c), N.D.R.Civ.P., which appears to govern this situation:

"*TRIAL BY JURY OR BY THE COURT*

"*(a) By Jury.* When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States or of the State of North Dakota.

\*   \*   \*   \*   \*   \*

"*(c) Advisory Jury and Trial by Consent.* In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

The parties also failed to cite *Sprenger v. Sprenger*, 146 N.W.2d 36 (N.D.1966), in which this court, construing Rule 39(c), concluded that a jury verdict in an equitable action was properly given binding effect where the parties had implicitly consented to trial by jury. The *Sprenger* court quoted with approval from a leading authority on the corresponding federal rule:

"The common-sense procedure under the rule is extremely simple. The clerk places upon the jury docket all actions in which a jury trial has been demanded under Rule 38. All issues as to which a jury has been demanded are then tried by a jury unless the parties stipulate for trial to the court without a jury. The judge may transfer from the jury to the non-jury calendar all actions which the parties have consented to try without a jury and all others in which he finds no issues triable by a jury as a matter of right. This finding the judge may make upon his own initiative or upon motion.

---

**2.** Numerous authorities suggest that there is no absolute right to have an equitable action tried to the court without a jury, and rarely will submission of an issue to a jury be deemed reversible error. See *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *DePinto v. Provident Security Life Insurance Co.*, 323 F.2d 826 (9th Cir.1963), cert.

denied, 376 U.S. 950, 84 S.Ct. 968, 11 L.Ed.2d 970 (1964); *Hurwitz v. Hurwitz*, 136 F.2d 796 (D.C.Cir.1943); *Stacey–Rand, Inc. v. J.J. Holman, Inc.*, 527 N.E.2d 726 (Ind.Ct.App.1988); 27 Am.Jur.2d *Equity* § 238 (1966). *But see First National Bank of Meeker v. Theos*, 794 P.2d 1055 (Colo.Ct.App.1990).

If the judge does not find that there is no right to a jury trial, and the parties do not object to the designation of the case as for the jury, the verdict of the jury has the same effect as if the case had actually been triable to a jury as of right, and is not advisory only."

*Sprenger, supra,* 146 N.W.2d at 40 (*quoting* 2B Barron & Holtzoff, Federal Practice and Procedure § 891 (1961)). *Cf. Landers v. Goetz,* 264 N.W.2d 459, 463 (N.D.1978) [Case remanded for further proceedings either by separate trial first on the jury issues, followed by determination of equitable issues remaining, if any, "or by submission of all issues to the jury if the parties so stipulate."]

Federal cases consistently hold that a party's failure to object to a demand for jury trial constitutes consent to try the case to the jury under Rule 39(c), F.R.Civ.P. *See Thompson v. Parkes,* 963 F.2d 885 (6th Cir.1992); *Modine Manufacturing Co. v. Allen Group, Inc.,* 917 F.2d 538 (Fed.Cir.1990), *cert. denied,* ── U.S. ──, 111 S.Ct. 2017, 114 L.Ed.2d 103 (1991); *Whiting v. Jackson State University,* 616 F.2d 116 (5th Cir.1980); *Stockton v. Altman,* 432 F.2d 946 (5th Cir.1970), *cert. denied,* 401 U.S. 994, 91 S.Ct. 1232, 28 L.Ed.2d 532 (1971); *Kelly v. Shamrock Oil & Gas Corp.,* 171 F.2d 909 (5th Cir.1948), *cert. denied,* 337 U.S. 917, 69 S.Ct. 1159, 93 L.Ed. 1727 (1949). Leading commentators are in accord:

"Consent for purposes of this rule need not be express. If one party demands a jury, the other parties do not object, and the court orders trial to a jury, this will be regarded as trial by consent. If there is trial to a jury by consent, the verdict has the same effect as if trial by jury had been a matter of right and cannot be treated as advisory only."

9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2333 (1971) (footnotes omitted). Professor Moore adds:

"Much the same result is accomplished under Rule 39(a) where one party demands a jury trial, and none of the other parties nor the court objects. The action is a jury action, and the jury's verdict has the effect of a common law verdict, even though the action would formerly have been equitable."

5 Moore's Federal Practice ¶ 39.11 (2d ed. 1993) (footnote omitted).

■ As previously noted, the right to trial without a jury is no more extensive than the right to trial with a jury. Accordingly, we believe that an objection to a demand for a jury trial must be made in a timely fashion or the party will be deemed to have waived her objection and consented to trial by jury. When an untimely objection to a jury trial is raised, the trial court is accorded broad discretion in determining whether to allow trial to the court or to the jury.

■ In this case, two defendants demanded a jury trial in their answer. A pretrial conference was held in November 1991 and the pretrial order set the case for a jury trial. The March 1, 1992 deadline for pretrial motions passed without objection by Violet to the jury trial. In March, Violet submitted requested jury instructions, a clear demonstration of consent to trial by jury. Finally, on April 7, 1992, the morning of trial, Violet first voiced her objection to the form of trial. In light of Violet's lengthy delay in raising her objection to the demand for jury trial, and particularly her noncompliance with the pretrial order, *see* Rule 16(d), N.D.R.Civ.P., we conclude that the court did not abuse its discretion in denying the motion to strike the jury and the case was properly tried to the jury by consent of the parties under Rule 39(c), N.D.R.Civ.P.

## II

Violet asserts that the trial court erred in instructing the jury that she had the burden to prove that the premarital agreement was invalid. Violet claims that, under *Charlson v. Charlson,* 50 N.D. 677, 197 N.W. 778 (1924), the party relying upon a premarital agreement bears the burden of proving its validity.

■ The trial court presented its written jury instructions to counsel and afforded

an opportunity for objections. Violet did not object to the instruction on burden of proof. Under Rule 51(c), N.D.R.Civ.P., an instruction not objected to becomes the law of the case, and appellate review is inappropriate. *See, e.g., Dewey v. Lutz*, 462 N.W.2d 435 (N.D.1990); *Erickson v. Schwan*, 453 N.W.2d 765 (N.D.1990); *In re Estate of Honerud*, 294 N.W.2d 619 (N.D. 1980). Accordingly, the instruction on the burden of proof became the law of the case.

Moreover, Violet has mischaracterized the holding in *Charlson*. The *Charlson* court did not hold that the burden of proof in all actions challenging a premarital agreement is upon the proponent of the agreement. Rather, the court implicitly recognized that the burden of proof is upon the opponents of the agreement, but noted that a presumption of fraudulent concealment may arise, shifting the burden, where "the provision made for the wife is grossly disproportionate to the value of the estate." *Charlson, supra*, 197 N.W. at 781.

■ The trial court's instruction in this case, placing the burden of proof upon Violet in the first instance, is entirely consistent with *Charlson*.[3] It is also entirely consistent with Section 14–03.1–06(1), N.D.C.C., which places the burden of proving invalidity of a premarital agreement upon "the party against whom enforcement is sought."[4]

### III

Violet also asserts that the trial court erred in refusing to give three of her requested instructions. We recently stated our guidelines for reviewing objections to jury instructions in *Madler v. McKenzie County*, 496 N.W.2d 17, 23 (N.D.1993):

"It is well established that jury instructions must fairly inform the jury of the applicable law. *Spieker v. Westgo, Inc.*, 479 N.W.2d 837, 840 (N.D.1992); *Oanes v. Westgo, Inc.*, 476 N.W.2d 248, 251 (N.D.1991). On appeal, we review the jury instructions in their entirety and, if the effect of the whole is to outline the issues in the case fairly and adequately, an isolated improper statement will not be considered prejudicial error. *Spieker v. Westgo, Inc., supra*, 479 N.W.2d at 840; *In re Estate of Flaherty*, 446 N.W.2d 760, 764 (N.D.1989). A trial court need not give instructions in the specific language requested by a party, as long as the instructions given fairly and adequately inform the jury of the applicable law. *Spieker v. Westgo, Inc., supra*, 479 N.W.2d at 844; *Erickson v. Schwan*, 453 N.W.2d 765, 769 (N.D. 1990)."

As in *Madler*, it would serve no purpose in this case to discuss separately each objection raised by Violet. We have reviewed the instructions in their entirety, and we conclude that the instructions given fairly and adequately informed the jury of the applicable law.

We have considered the remaining issues raised by Violet on appeal and find them to be without merit. The judgment is affirmed.

---

**3.** Violet did not request an instruction on the presumption recognized in *Charlson*, nor did she object to the trial court's failure to include such an instruction. The trial court did, however, instruct the jury to consider the following five factors in determining the validity of the premarital agreement:

"1. Whether the prenuptial agreement was entered into in the utmost good faith;

"2. Whether the agreement was reasonable in its provisions;

"3. Whether Violet Michalenko possessed full knowledge of the character and value of her husband's property or is chargeable with such knowledge;

"4. Whether the agreement provided any reasonable provisions for the support of the wife in case of her survival;

"5. Whether upon all the surrounding circumstances the provisions made for Violet Michalenko were grossly unfair in view of Peter Michalenko's financial status."

**4.** At oral argument, counsel for Cynthia Nechiporenko, one of Peter's daughters, made a motion to supplement the record with a letter allegedly written to the court by Violet's attorney before trial. Counsel asserted that this letter included a request that the burden of proof be placed upon Violet, and that she be allowed to proceed first at trial. Our resolution of this issue makes it unnecessary to rule on the motion. We note, however, that the proper procedure for supplementing the record on appeal is provided in Rule 10(h), N.D.R.App.P.

VANDE WALLE, C.J., SANDSTROM and LEVINE, JJ., and VERNON R. PEDERSON and ERICKSTAD, Surrogate Judges, concur.

VERNON R. PEDERSON, and ERICKSTAD, Surrogate Judges, sitting in place of NEUMANN, and MESCHKE, JJ., disqualified.