**CONTINENTAL GRAIN COMPANY,**
Libelant-Appellee,

v.

**AMERICAN COMMERCIAL BARGE LINE COMPANY, and Blaske, Inc.,**
Respondents-Appellants.

No. 14428.

United States Court of Appeals
Seventh Circuit.

May 20, 1964.

Warren A. Jackman, Daniel K. Schlorf, Bradley, Pipin, Vetter & Eaton, and Heineke, Conklin & Schrader, Chicago, Ill., for appellants.

Theo C. Robinson, and McCreary, Hinslea, Ray & Robinson, Chicago, Ill., for appellee.

Before DUFFY, KILEY, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an action in admiralty in which libelant Continental Grain Company sued the American Commercial Barge Line Company and its wholly-owned subsidiary, Blaske, Inc., for damages to a shipment of corn transported by respondents' barge from libelant's elevator at Seneca, Illinois, to South Chicago. The district court found respondents liable in the amount of $8,455. They appeal.

American's barge was spotted at Continental's elevator on December 10, 1957. Before the corn was loaded, Continental inspected the barge and found it to be dry. The barge was loaded by it on December 12, 1957, and the hatches closed and fastened by means of an electric winch. The barge was picked up by American's towboat on December 19. The time of arrival at Continental's elevator in South Chicago is disputed. The shipper presented evidence that the barge did not arrive until December 27. American asserted that the logbook (which was unauthenticated) of the towboat showed that the barge was dropped off on December 22. The district judge found that the barge was delivered to Continental at South Chicago on December 27. On that day the barge was opened by Continental and part of the corn was found to be spoiled. A marine surveyor, who inspected the damage, testified that there was an indentation in one of the hatch covers and in his opinion the grain was damaged by water entering the barge where the indentation was located.

American contends that the district court erred in finding that Continental had sustained its burden of proof. Specifically, it maintains that Continental submitted no evidence that its grain was in good condition at the time the barge was picked up by American's towboat and the corn was in a damaged condition when it was redelivered by the carrier.

American asserts that the corn was not delivered to it until the towboat picked up the barge on December 19, seven days after loading. There is evidence that Continental loaded the barge soon after it was delivered and promptly notified American that the barge was ready to be moved to South Chicago. The fact that the barge remained at Seneca for several days after it was loaded was the responsibility of the carrier, not the shipper. The transportation arrangement was not a towage contract but a contract of affreightment wherein the carrier supplied both the barge and the tug. Moreover, the evidence shows that the carrier issued Continental a "clean" bill of lading, covering the shipment of corn with no exceptions noted, in accordance with section 193 of the Harter Act, 27 Stat. 445, 46 U.S.C.A. § 193. A finding that a shipment is in good order may be inferred from circumstantial evidence. Mississippi Valley Barge Line Co. v. Inland Waterways Shippers Assoc., 289 F.2d 374 (8th Cir.1961).

American also contends that the damaged condition of the corn was not discovered until five days after arrival of the barge at libelant's elevator in South Chicago. However, the finding of the district court that the barge was redelivered to the shipper on December 27, the same day the damage was discovered, is supported by both the elevator records and the testimony of its superintendent. The finding was not erroneous.

The district judge also found that the damage to the corn was caused by water

entering through a junction between two hatch covers, one of which was found by the marine surveyor to be defective and damaged.

■ The evidence justified this finding as well as those that the cargo was delivered in good condition to the carrier and that a portion of it was in a damaged condition when it was redelivered to the shipper. Therefore, the damage could only have occurred while the cargo was in the custody and control of American. There was no failure of proof on the part of libelant.

The decree is affirmed.