**D.P. APPAREL CORPORATION,**
Plaintiff, Appellant,

v.

**ROADWAY EXPRESS, INC.,**
Defendant, Appellee.

No. 83–1844.

United States Court of Appeals,
First Circuit.

Argued March 6, 1984.

Decided May 31, 1984.

Michael J. McHugh, Boston, Mass., with whom Edwin J. Carr, and Rich, May, Bilodeau & Flaherty, Boston, Mass., were on brief, for plaintiff, appellant.

Wesley S. Chused, Boston, Mass., with whom Weiner & Chused, Boston, Mass., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and GIERBOLINI,* District Judge.

GIERBOLINI, District Judge.

This is an appeal from a judgment entered pursuant to an order of the United States District Court for the District of Massachusetts, sitting without a jury, which granted defendant-appellee's motion for involuntary dismissal of plaintiff-appellant's case. Plaintiff D.P. Apparel Corp. (DPA) brought this suit pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. Section 11707 (formerly 49 U.S.C. Section 20(11)) against defendant Roadway Express, Inc. (Roadway) for alleged damage to a shipment of cloth purchased by DPA in Balfour, North Carolina and transported by Roadway to DPA's facility in Utica, New York.

■ To establish a *prima facie* case under the Carmack Amendment plaintiff had to show: (1) delivery of the cloth in good condition to defendant; (2) arrival in damaged condition; and (3) amount of damages. *Missouri Pacific Railroad v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964); *Texas Instruments, Inc. v. Branch Motor Express*, 432 F.2d 564, 565 (1st Cir.1970). Accordingly, DPA called as its first witness Mr. Ray Slider, Traffic Agent of Kimberly-Clark Corporation (Kimberly) the manufacturer of the cloth, to testify as to the goods' original condition. Mr. Slider went on to testify as to the normal practice by which customer orders are relayed to Kimberly's Balfour Mill for preparation and shipping. Through him DPA introduced into evidence several documents,[1] all of

---

* Of the District of Puerto Rico, sitting by designation.

1. The following documents were admitted:
   (a) corrected copy of the loading document customer order shipper's no. 20–12863–9;
   (b) original loading document customer order;
   (c) invoice of Kimberly's to DPA;
   (d) summary of shipment dated September 11, 1980 from Kimberly to DPA with attached packing list;
   (e) bill of lading prepared by Kimberly signed by Roadway's driver on September 11, 1980;
   (f) original treater production log;
   (g) xerox copy of treater production log with handwritten notes of Mr. Slider.

which show that each of the rolls of cloth had passed the quality control check prior to shipment. Mr. Slider further testified as to how the rolls are loaded onto pallets, shrank-wrapped in polywrap around their exterior, and how eventually the pallets are braced on the trailer. Nevertheless, his cross examination revealed that he did not see the shipment of cloth nor did he see it being loaded into the trailer, or after it had left Kimberly's facility.

After Mr. Slider's testimony, counsel for plaintiff informed the court that he would not present further evidence to prove the cloth's original condition.[2] Counsel for Roadway then filed a motion for involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The court suspended the trial to consider the motion and allowed counsel for DPA to submit memorandum of law in opposition. Plaintiff's lawyer did in fact file his opposition that same day. Based on the foregoing, the court granted the motion and dismissed the complaint for plaintiff's failure to sustain its burden of proof.

On appeal, plaintiff contends that the trial court erred first in dismissing the complaint by granting defendant's motion for involuntary dismissal prior to the conclusion of plaintiff's case, and second in ruling that plaintiff had not met its burden of proof.

■ At the outset we note that the standard of review for a Rule 41(b) dismissal is abuse of discretion. *Corchado v. Puerto Rico Marine Management, Inc.*, 665 F.2d 410 (1st Cir.1981). Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part,

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts

may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all evidence.

■ The rule bestows on courts considerable discretion in their treatment of motions to dismiss in non-jury cases. A court faced with a Rule 41(b) motion to dismiss is empowered to weigh and evaluate plaintiff's evidence and to grant the dismissal if said evidence preponderates against the plaintiff. *Soliz v. Plunkett*, 615 F.2d 272 (5th Cir.1980); *Weissinger v. United States*, 423 F.2d 795 (5th Cir.1970) (en banc). Nonetheless, Rule 41(b) dismissals should be granted sparingly. We approve the Fifth Circuit's following admonition in *Riegel Fiber Corp. v. Anderson Gin Co.*, 512 F.2d 784, 793 n. 19 (5th Cir. 1975):

> "Except in unusually clear cases the district judge can and should carry the defendant's Rule 41(b) motion with the case—or simply deny it, since the effect will be the same—let the defendant put on his evidence, and then enter a final judgment at the close of the evidence."

Otherwise, an appellate reversal for error in granting the motion may require an entire new trial. *S.E.C. v. Murphy*, 626 F.2d 633, 659 (9th Cir.1980); *White v. Rimrock Tidelands, Inc.*, 414 F.2d 1336 (5th Cir. 1969). No doubt this would be most undesirable for cases would be continuously brought on appeal on a piecemeal fashion increasing thus the expenditure of time and resources of the parties and the courts.

■ As the rule itself announces motions for involuntary dismissal are normally not granted before the conclusion of plaintiff's case in chief. However, when it is manifestly clear that plaintiff will not prove his case, granting a Rule 41(b) motion at an earlier time may be permissible. *See Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 482 n. 15 (3rd Cir.1979). A district court has the inherent power to dismiss cases for failure to prove a claim

---

**2.** Mr. Slider was the only witness DPA had available to testify on that day. The district court advanced the trial date from Friday, October 14 to Thursday, October 13, 1983 at 10:00 a.m.

irrespective of the time it is requested because in so doing the court is effectively controlling and managing its own affairs to achieve the expeditious disposition of cases. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

▮ The facts herein reveal that this is one of the rare and exceptional cases in which a court is justified in dismissing the action before the completion of plaintiff's case. The only evidence DPA presented to prove the cloth's original condition was Mr. Slider's general statements concerning Kimberly's shipment procedures and the documents relating to the cloth's quality prior to shipment. Mr. Slider admitted, however, that he did not have personal knowledge of the condition of the shipment. Moreover, the documents simply attest that the rolls of cloth passed Kimberly's quality control tests prior to shipment. The treater production log makes no reference to the rolls' condition on the date of shipment nor does it indicate when in fact the rolls were inspected.

▮ Plaintiff relies primarily on the bill of lading signed by Roadway's driver on the day of shipment indicating that the rolls of cloth were "in apparent good condition". Nevertheless, the acknowledgment in a bill of lading that a shipment is in apparent good order is *prima facie* evidence of delivery in good condition only as to those parts open to inspection and visible. *Spartus Corp. v. S/S YAFO,* 590 F.2d 1310, 1319 (5th Cir.1979). *See also, Kaiser Aluminum & Chemical v. Illinois Central Gulf Railroad Co.,* 615 F.2d 470, 475 n. 4 (8th Cir.1980); *Miniat, Inc. v. Baltimore & Ohio Railroad Co.,* 587 F.2d 1277, 1280 (D.C.Cir.1978); *Blue Bird Food Products Co. v. Baltimore & Ohio Rail-*

*road,* 474 F.2d 102, 104 (3rd Cir.1973); *Continental Grain Co. v. American Commercial Barge Line Co.,* 332 F.2d 26, 27 (7th Cir.1964); *Hoover Motor Express Co. v. United States,* 262 F.2d 832, 834 (6th Cir.1959). The bill of lading is not proof of the contents and condition of the shipment. *Hoover, supra.* The apparent good condition clause in the bill of lading herein specifically stated that the contents and condition of contents were unknown. More importantly, in this case the rolls of cloth were wrapped and no evidence was offered to show that the wrapping material was clear or that the cloth was visible.[3] In fact, where the contents of the shipment are not visible or open for inspection, additional direct and affirmative proof is necessary to show that the cloth was in good condition when delivered to Roadway. *See Miniat, Inc. v. Baltimore & Ohio Railroad Co., supra,* at 1280; *Blue Bird Food Products Co. v. Baltimore & Ohio Railroad, supra,* at 107–8.[4] As established earlier, DPA never offered said direct and affirmative proof.

Plaintiff further relies on *Brockway-Smith Co. v. Boston and Maine Corp.,* 497 F.Supp. 814 (D.Mass.1980) for the proposition that the "in apparent good order" clause is sufficient to establish *prima facie* the cloth's good condition at its origin. We note that the *Brockway-Smith* decision was against the weight of authority, and the trial judge therein so recognized. *Id.* at 818 n. 5, 819 n. 6, n. 8. In *Brockway-Smith* the damage to the merchandise resulted from a fire. Crucial to the court's determination was the finding that "there was no evidence indicating that the shipment was damaged in any way other than by fire and it would be incredible for the goods to have already been fire damaged when they were delivered to [the carrier]".

---

**3.** The trial judge specifically stated that he made no finding as to the clarity of the wrapping material because no evidence was offered as to whether it was clear or opaque.

**4.** DPA asserts that the direct evidence requirement enunciated in these cases applies only to shipments delivered under seal and since in this case it was not established that Kimberly deliv-

ered the rolls in a sealed trailer, the cases have no precedential value herein. We fail to see, however, any principled distinction between the situation in *Miniat* and *Blue Bird* and the one at bar. In both instances the merchandise was not visible or open for inspection. Direct and affirmative proof of the condition of the cloth at its origin is thus required.

*Id.* at 819. In contrast, in the case at bar the damage to the rolls consisted of tearing in the fabric, contamination and staining. Unlike *Brockway-Smith*, there is no evidence of what actually caused the damage.[5] The rolls may have been already damaged at the time of loading but because they were wrapped the damage may not have been visible to Roadway's driver at the time he signed the bill of lading.

DPA failed to sufficiently establish that the shipment was delivered in good condition. It then became manifestly clear to the district judge that plaintiff could not prove its case. The situation was further exacerbated by DPA's inability to proceed with the prosecution of the case on that day for it did not have other witnesses present. Still, based on what the judge was told no apparent purpose would have been served by continuing the trial at great expense to the parties. The dismissal was therefore well within the purview of the district court's power to manage its own affairs and to serve the interests of judicial economy. The district court did not abuse its discretion.

*Judgment affirmed.*

---

**5.** During oral argument DPA vigorously claimed that the damage was caused by at least six inches of water in the floor of Roadway's trailer. DPA never introduced into evidence proof to establish said allegation, and it did not even make an offer of proof that said evidence would have eventually been presented. Furthermore, there is no certainty that the tearing, staining and contamination resulted exclusively from such a substantial accumulation of water.