IN THE MATTER OF THE PETITION OF DANIEL PASKINS FOR A WRIT OF MANDAMUS.
No. 166, 2010.
Supreme Court of Delaware.
Submitted: March 31, 2010.
Decided: April 12, 2010.
Before BERGER, JACOBS and RJDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 12th day of April 2010, it appears to the Court that:
(1) The petitioner, Daniel Paskins, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of mandamus[1] to compel the Court of Common Pleas to "disclose his preliminary hearing waiver of December 23, 1993" on the ground that the document will reveal that he did not waive indictment by the grand jury on charges of robbery, conspiracy and two weapon offenses in Superior Court I.D. No. 9312003318.
(2) In accordance with this Court's Order dated September 21, 2005, which prohibits Paskins from filing any further requests for relief on that ground in this Court,[2] his petition must be dismissed. A copy of that Order is attached hereto.
NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DISMISSED.
 IN THE SUPREME COURT OF THE STATE OF DELAWARE
IN THE MATTER OF THE |
PETITION OF DANIEL | No. 305, 2005
PASKINS FOR A WRIT OF | Def. ID No. 9312003318
MANDAMUS. |
 Submitted: July 25, 2005
 Decided: September 21, 2005
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 21st day of September 2005, upon consideration of the petition for a writ of mandamus and the motion for appointment of counsel filed by Daniel Paskins, and the State of Delaware's answer and motion to dismiss,[1] it appears to the Court that:
(1) In 1994, Paskins was convicted by a jury of four counts of Robbery in the First Degree and one count of Possession of a Deadly Weapon During the Commission of a Felony in State v. Paskins, Del. Super., ID No. 9312003318 ("the Superior Court case"). Paskins' convictions were affirmed on direct appeal.[2]
(2) Paskins filed numerous postconviction applications, all of which were denied by the Superior Court. Paskins filed appeals from the denials of postconviction relief, all of which were dismissed or affirmed.[3]
(3) By Order dated February 6, 1998, the Court affirmed the denial of Paskins' fifth motion for postconviction relief. In that Order, the Court found that Paskins had abused the appellate process by repeatedly raising the same non-meritorious issue regarding an allegedly defective waiver of indictment.[4] As a result, the Court directed the Clerk not to docket any further notices of appeal from Paskins relating to the Superior Court case, absent a specific Order of the Court permitting Paskins to appeal.[5]
(4) In his petition for a writ of mandamus, Paskins asks this Court to compel the Court of Common Pleas to provide him with various papers relating to the waiver of his preliminary hearing in the Superior Court case. Paskins' petition suffers from a fatal procedural defect and must be dismissed.
(5) A petition requesting that this Court issue a writ of mandamus to the Court of Common Pleas must "have been first presented to and denied by the Superior Court."[6] In this case, Paskins has not demonstrated, and the Superior Court docket does not reflect, that he sought a writ of mandamus from the Superior Court in the first instance.[7]
NOW, THEREFORE, IT IS HEREBY ORDERED that:
A. The State's motion to dismiss is GRANTED.
B. Paskins' petition for a writ of mandamus is DISMISSED.
C. Paskins' motion for appointment of counsel is MOOT.
D. Pursuant to the Court's Order in In re Paskins, Del. Supr., Misc. No. 378, Berger, J. (Dec. 4,2002) (ORDER), in the absence of a specific Order of this Court, the Clerk is directed not to docket any further petitions for extraordinary relief filed by Paskins concerning the Superior Court case.
NOTES
[1] Del. Const, art. IV, 11(6); Supr. Ct. R. 43.
[2] In re Paskins, Del. Supr., No. 305, 2005, Berger, J. (Sept. 21, 2005).
[1] The Court has not considered Paskins' unsolicited response to the State's answer and motion to dismiss. See Supr. Ct. R. 43(b)(ii) (prohibiting further submissions unless directed by the Court).
[2] Paskins v. State, 1995 WL 120665 (Del. Supr.).
[3] See Paskins v. State, Del. Supr., No. 195, 1996, appeal withdrawn (July 8, 1996) (withdrawing appeal from denial of first postconviction motion, State v. Paskins, 1996 WL 280782 (Del. Super.)); see Paskins v. State, 1996 WL 666020 (Del. Supr.) (affirming denial of second motion for postconviction relief); see In re Paskins, 1997 WL 587341 (Del. Supr.) (dismissing mandamus petition challenging order denying third motion for postconviction relief); see Paskins v. State, 1997 WL 812631 (Del. Supr.) (affirming denial of fourth motion for postconviction relief); see Paskins v. State, 1998 WL 67728 (Del. Supr.) (affirming denial of fifth motion for postconviction relief and requiring prior Court approval before docketing further notices of appeal); see Paskins v. State, 1998 WL 123194 (Del. Supr.) (applying dictates of prior approval Order and dismissing appeal from denial of motion for sentence correction); see Paskins v. State, 2002 WL 1733317 (Del. Supr.) (dismissing criminal interlocutory appeal based on lack of jurisdiction); see Paskins v. State, 2002 WL 2009143 (applying dictates of prior approval Order and dismissing appeal from denial of eighth motion for postconviction relief).
[4] Paskins v. State, 1998 WL 67728 (Del. Supr.).
[5] Id.
[6] Supr. Ct. R. 43(b)(vi).
[7] See In re Dickens, 2003 WL 1446325 (Del. Supr.) (dismissing petition for a writ of mandamus directed to the Court of Common Pleas when petition was not first sought from the Superior Court).