Julia STEARNS, Respondent Below, Appellant,

v.

DIVISION OF FAMILY SERVICES, and Court Appointed Special Advocate, Petitioners Below, Appellees.

Julia Stearns, Respondent Below, Appellant,

v.

Division Of Family Services, and Court Appointed Special Advocate, Petitioners Below, Appellees.

Nos. 754, 2010, 755, 2010.

Supreme Court of Delaware.

Submitted: May 4, 2011.

Decided: June 17, 2011.

Corrected: July 6, 2011.

Mark H. Hudson, Law Office of Dean A. Campbell, LLC, Georgetown, Delaware for appellant.

James S. Reichert, Department of Justice, Georgetown, Delaware for appellee.

Kristin S. Gibbons, Georgetown, Delaware for Court Appointed Special Advocate.

Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

STEELE, Chief Justice:

Julia Stearns[1] appeals from Family Court orders granting Division of Family Services petitions for the termination of her parental rights in her four minor children. On appeal, Stearns argues that the Family Court erroneously denied her Rule 41(b) Motion to Dismiss and failed to address the requisite best interest of the child factors when terminating her rights. Because we conclude that the Family Court correctly denied Stearns' Motion to Dismiss and adequately addressed the relevant best interest of the child factors, we affirm.

---

1. This Court assigned pseudonyms to the parties by Order dated December 13, 2010 pursuant to Supreme Court Rule 7(d).

## I. FACTS AND PROCEDURAL HISTORY

On August 4, 2008, a Family Court judge granted an *ex parte* order permitting DFS to take Stearns's four children into custody.[2] After conducting a series of preliminary protective, adjudicatory, review, and permanency hearings, the Family Court continued custody of the children with DFS because, among other factors, the children continued to be "dependent" as defined by 10 *Del. C.* § 901(8).

After a second permanency hearing, held on March 23, 2010, the Family Court changed the official goal from reunification to termination of parental rights and adoption. On August 10 and October 5, 2010, the Family Court held a two day termination of parental rights hearing. At the hearing, DFS presented its case for termination. When DFS concluded, Stearns moved to dismiss DFS's petitions pursuant to Family Court Civil Rule 41(b) because "there[ ] [had] not been any evidence at all offered whatsoever as to why termination ... [was] in the best interest of these children...." The judge heard argument from both sides, and after a protracted colloquy with the parties, the judge denied the motion. The judge evaluated Stearns's performance under the elements of her case plan and then relevantly explained from the bench:

> "The Division has not put all these orders in place and I'm satisfied that that ground has been established that she has failed to plan and that under also [sic] the factor that the children have been in the State's care more than one year. The crux though, I think of counsel's argument in this matter is the best

interest of the children under 722. In the first of those factors that the Supreme Court requires us to look at is the wishes of the parents. No doubt that the wishes of the mother in this case is [to] have her children reunited with her. The court also has to consider the wishes of the children. The oldest of these children are [sic] eight. This child—the oldest child came into care when he was six. And they've had sporadic contact with mother in the last two years. It's not been ongoing and consistent visitation. So that factor doesn't weigh heavily in this matter because of their ages. The Court would also consider the interaction and interrelationship of these children with their mother, their grandparents, and other persons. Again, as the Court said earlier, this particular factor does not weigh great[ly] into this case because the children have been in care because of mother's actions back in August of 2008. The court doesn't put much weight on that factor. Also, factor four concerns the child's adjustment to his home, school, and community. Again, these are very small children and we know that they would adjust well to any environment because of their young ages, but being in care, they're not going to reside in these foster homes forever because they're not pre-adoptive homes. So again, whether the children are moved from a foster home to a pre-adoptive home or back to the mother, I don't think this weighs heavily. The factor that is next is the mental and physical health of the children. Obviously, that has been an issue in this case. Mother's had issues with anger. The case or the

---

**2.** The Family Court actually conducted hearings regarding Stearns and the children simultaneously despite the fact that it assigned file and petition numbers and issued orders for two of the children separately from the

other two. The findings in the Family Court's orders, however, as they pertain to Stearns, are identical. We consolidated the cases for purposes of this appeal by Order of January 3, 2011.

social report indicates that even from the time she was in school she had some difficulty. I see mother completed the ninth grade. That has been a handicap for her in and of itself. She's had four children. All four at one time was [sic] under the age of six. She was in an abusive relationship with both of the fathers of these four children. The record would seem to indicate her support system was weak at best. Her children were involved with the Division at one time when she was living in the mother's home and the children, two of the children were out and about in the community unsupervised and that brought the police and DFS action into play. The mental health component of this case I think is a significant one. And the testimony is that really she has not been totally compliant with that part of the case plan. The Court also has considered the criminal history of the mother in this case. And as counsel has pointed out as she had an endangering the welfare charge back in 2008. That charge has been resolved. That's not a major [ ] factor in this case. And in the best interest of the case, the Court is also allowed to consider any other relevant factor in addition to the eight enumerated factors in 722. And obviously, it is the ability to be mentally and emotionally healthy to raise these four children in really a single parent home with not much of a support system in place. It has been difficult for mother to manage her own life when the four children have been in care for the last two years. And based on the record and the best interest, I'm satisfied the particular factor four weighs heavily in this matter. And the current environment that mother has had during the whole proceedings of the dependency. And so I'm satisfied the best interest factor would not weigh in mother's favor, but weigh in favor of maintaining the children in the present foster care situation and moving forward to termination of parental rights action. So I will deny your motion at this time . . . ."

Following the judge's denial of her Motion to Dismiss, Stearns presented her defense to DFS's case. At the end of the hearing, the judge concluded that DFS had proven by clear and convincing evidence that Stearns had failed to plan and that the children had been in DFS's care for more than one year under 13 *Del. C.* § 1103(a)(5). In his written Order, the Family Court judge addressed each of the following six elements of Stearns's case plan, specifically: (1) visitation, (2) housing, (3) mental health, (4) substance abuse, (5) domestic violence counseling, and (6) employment. The judge concluded that, except for some success with visitation, Stearns had failed to make progress on the other five elements. The judge also concluded that DFS had established by clear and convincing evidence that it was in the best interest of the children to terminate Stearns's parental rights. Stearns now appeals from the denial of her midtrial Motion to Dismiss and from the Family Court's final judgment.

## II. STANDARD OF REVIEW

When reviewing a Family Court Order terminating parental rights, we review the facts and law, as well as the inferences and deductions the Family Court makes.[3] To the extent that the issues on appeal implicate rulings of law,

3. *Powell v. Dep't of Servs. for Children, Youth & Their Families,* 963 A.2d 724, 730 (Del. 2008).

we review them *de novo*.[4] To the extent that the issues on appeal implicate findings of fact, we conduct a limited review of those findings to assure that the record sufficiently supports them and that they are not clearly wrong.[5] We will not disturb inferences and deductions that the record supports and that are the product of an orderly and logical reasoning process.[6] If the Family Court has correctly applied the law, our review is limited to abuse of discretion.[7]

## III. ANALYSIS

Our "statutory standard for terminating parental rights provides for two separate inquiries."[8] First, the judge must find a statutory basis to support termination under 13 *Del. C.* § 1103.[9] Second, the judge must determine what is in the best interest of the child or children pursuant to the factors codified at 13 *Del. C.* § 722.[10] The State—here, DFS—bears the burden of establishing both inquiries by clear and convincing evidence.[11]

### A. Stearns Waived Her Right to Appeal From the Judge's Denial of Her Rule 41(b) Motion to Dismiss.

■ Stearns argues that the Family Court erred by denying her Rule 41(b) Motion to Dismiss. Specifically, she argues that in analyzing her progress under her case plan, the judge relied exclusively on past evidence developed for and submitted at a March 23, 2010 permanency hearing. Stearns contends this was improper, as that evidence was five months old at the time of the termination hearing.

According to Family Court Civil Rule 41(b), after a petitioner presents its evidence, a respondent may move for dismissal and the Court may render judgment against the petitioner or may decline to

4. *Id.* at 730–31.

5. *Id.* at 731.

6. *Id.*

7. *Id.*

8. *Green v. Div. of Fam. Servs.*, 992 A.2d 1237, 2010 WL 1114928, at *3 (Del.2010) (ORDER) (quoting *Shepherd v. Clemens*, 752 A.2d 533, 536–37 (Del.2000)).

9. *Id.*

10. *Id.* 13 *Del. C.* § 722 instructs, in relevant part:
    (a) The Court shall determine the legal custody and residential arrangements for a child in accordance with the best interests of the child. In determining the best interests of the child, the Court shall consider all relevant factors including:
    (1) The wishes of the child's parent or parents as to his or her custody and residential arrangements;
    (2) The wishes of the child as to his or her custodian or custodians and residential arrangements;
    (3) The interaction and interrelationship of the child with his or her parents, grandparents, siblings, persons cohabiting in the relationship of husband and wife with a parent of the child, any other residents of the household or persons who may significantly affect the child's best interests;
    (4) The child's adjustment to his or her home, school and community;
    (5) The mental and physical health of all individuals involved;
    (6) Past and present compliance by both parents with their rights and responsibilities to their child under [section] 701 of this title;
    (7) Evidence of domestic violence as provided for in Chapter 7A of this title; and
    (8) The criminal history of any party or any other resident of the household including whether the criminal history contains pleas of guilty or no contest or a conviction of a criminal offense.

11. *In re Stevens*, 652 A.2d 18, 23 (Del.1995).

render any judgment until the end of the trial.[12]  This rule is nearly identical to Court of Chancery Rule 41(b).[13]  We have explained that Court of Chancery Rule 41(b) recognizes the "inherent power" of a trial court to dismiss for failure to prosecute.[14]  This power "falls within the domain of the [Court of Chancery's] discretion," and our review is "limited to an abuse of discretion standard ... Only if the findings below are clearly wrong, and

justice requires their overturn, are we free to make contradictory findings of fact."[15]

Family Court Civil Rule 41(b) is also nearly identical to Superior Court Civil Rule 41(b).[16]  As we have explained, Superior Court Civil Rule 41(b) derives from the common law judgments of non suit and non prosequitur.[17]  Like the counterpart Court of Chancery Rule 41(b), it recognizes "an inherent power of the Trial

**12.** Fam. Ct. Civ. R. 41(b).  Involuntary dismissal: Effect thereof.

For failure of the petitioner to prosecute or to comply with these Rules or any order of court, a respondent may move for dismissal of an action or of any claim against that respondent.  After the petitioner has completed the presentation of evidence, the respondent, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the petitioner has shown no right to relief.  The Court as trier of the facts may then determine them and render judgment against the petitioner or may decline to render any judgment until the close of all the evidence.  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

**13.** Ct. Ch. R. 41(b).  Involuntary dismissal; effect thereof.

For failure of the plaintiff to prosecute or to comply with these Rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  After the plaintiff has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.  The Court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.  Unless the Court in its order for dismissal

otherwise specifies, a dismissal under this paragraph and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction or for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

**14.** *Yancey v. Nat'l Trust Co., Ltd.,* 633 A.2d 372, 1993 WL 370844, at *3 (Del.1993) (ORDER).

**15.** *Id.*

**16.** Super. Ct. Civ. R. 41(b).  Involuntary dismissal: Effect thereof.

For failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant.  After the plaintiff in an action tried by the Court without a jury, has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.  The Court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

**17.** *Gebhart v. Ernest DiSabatino & Sons, Inc.,* 264 A.2d 157, 159 (Del.1970).

Court," and our review of a Superior Court dismissal of a plaintiff's action is limited to analyzing "whether the [trial judge's decision] was within the realm of sound judicial discretion."[18]

The Federal Rules of Civil Procedure also previously included a rule—Rule 41(b)—that tracked virtually the same language.[19] In 1991, Congress amended the Federal Rules of Civil Procedure, deleting the relevant text from Rule 41(b) and recodifying its involuntary dismissal mechanism into Rule 52(c).[20] Before the 1991 amendment, however, many federal courts had interpreted the text of old Rule 41(b), articulating the standard of review for a Rule 41(b) motion—as with Court of Chancery Rule 41(b) and Superior Court Civil Rule 41(b)—as abuse of discretion.[21] Federal courts consistently emphasized that the discretion given trial courts in their treatment of Rule 41(b) motions is broad.[22]

Indeed, the First and Fifth Circuit Courts of Appeal went so far as to adopt the following rule:

> Except in unusually clear cases the district judge can and should carry the defendant's Rule 41(b) motion with the case—or simply deny it, since the effect will be the same—let the defendant put on his evidence, and then enter a final judgment at the close of the evidence.[23]

The 1991 federal rules advisory committee notes reflect the same principle.[24] The First Circuit explained that Rule 41(b) dismissals "should be granted sparingly.... Otherwise, an appellate reversal for error in granting the motion may require an entire new trial."[25]

Many courts adopted an additional principle in the context of Rule 41(b) dismissal motions. Specifically, those courts held that if a defendant moved under Rule 41(b) and the judge denied the motion, and the

18. *Id.*

19. The pre–1991 version of Federal Rule of Civil Procedure 41(b) provided, in relevant part:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all evidence.

20. *See* Fed.R.Civ.P. 41(b) (Dec. 1, 1991).

21. *See, e.g., D.P. Apparel Corp. v. Roadway Exp., Inc.*, 736 F.2d 1, 3 (1st Cir.1984) (citing *Corchado v. Puerto Rico Marine Mgmt., Inc.*, 665 F.2d 410 (1st Cir.1981)).

22. *See, e.g., id.* ("The rule bestows on courts considerable discretion in their treatment of motions to dismiss in non-jury cases."); *Secs. & Exch. Comm'n v. Murphy*, 626 F.2d 633, 659 (9th Cir.1980) ("A denial, however,

means nothing more than a refusal to enter judgment at that time. It makes no difference whether the court expressly reserves decision on the merits or denies it.") (citations omitted); *A. & N. Club v. Great Am. Ins. Co.*, 404 F.2d 100, 103 (6th Cir.1968) ("Whether the motion is granted [ ] remains within the discretion of the trial judge. It is also within the discretionary power of the trial judge to either act upon the motion immediately or to reserve his decision until later.") (citations omitted).

23. *D.P. Apparel Corp.*, 736 F.2d at 3 (quoting *Riegel Fiber Corp. v. Anderson Gin Co.*, 512 F.2d 784, 793 n. 19 (5th Cir.1975)).

24. Fed.R.Civ.P. 52(c) advisory committee's note (Dec. 1, 1991) ("As under the former Rule 41(b), the court retains discretion to enter no judgment prior to the close of the evidence."). The Delaware Court of Chancery also implicitly recognized this principle. *See Matter of Enstar Corp.*, 593 A.2d 543, 553 (Del.Ch.1991), *rev'd on other grounds*, 604 A.2d 404 (Del.1992).

25. *D.P. Apparel Corp.*, 736 F.2d at 3.

defendant then proceeded to present evidence in support of his defense instead of resting on his Rule 41(b) motion, then the defendant waived—and could not obtain review of—the denial of that motion.[26]

In this case, after the Family Court judge denied Stearns's Rule 41(b) motion, Stearns presented testimony in support of her defense. Widely accepted principles of law suggest that it constituted a waiver of her Rule 41(b) motion. We agree, and conclude that it precludes our review of the denial of her motion.[27] Even were we to disagree with the waiver principle and decided to review the Family Court judge's denial of Stearns's motion, our review would be highly deferential. A Rule 41(b) motion should be "granted sparingly" and only in "unusually clear cases." The record reflects no facts suggesting that this is an "unusually clear case" or that the denial constituted an abuse of the judge's considerable discretion. Therefore, we reject Stearns' contention that the Family Court judge wrongfully denied her Motion to Dismiss under Rule 41(b).

## B. *The Judge Adequately Considered the "Best Interest" Factors.*

■ Stearns also contends that the judge erred by failing to address adequately the "best interest of the child" factors of 13 *Del. C.* § 722 when deciding to terminate Stearns's parental rights. The judge did not include a written analysis of the section 722 factors in his final written order. Rather, the judge merely wrote:

> [I]t is in the best interests of these children to terminate mother's parental rights. Since these children have been in care, there has been great improvement in their socialization skills and their physical and emotional development.

But, and as excerpted at length above, the judge did discuss those the factors in his oral ruling from the bench when denying Stearns's Motion to Dismiss.

As this Court has emphasized, section 722 provides only that "[i]n determining the best interests of the child, the Court shall *consider* all relevant factors."[28] "Section 722 does not require the Family Court to articulate a step-by-step analysis."[29] Here, the record reflects that when considering Stearns's Motion to Dismiss, the judge, in fact, considered *each* of the section 722 factors notwithstanding the lack of any statutory requirement to consider them all.

Stearns concedes that the trial court judge, under our holding in *Harper,* did not need to articulate a step-by-step analysis of the best interest factors. She argues, however, that the judge's oral analysis of the best interest factors was not the product of an orderly and logical deductive process, and therefore, was legally erroneous. The record proves otherwise. The judge orally analyzed each of the best interest factors by enumerating each fac-

---

**26.** *See, e.g., Murphy,* 626 F.2d at 659 n. 31 ("Of course, defendant cannot obtain review of a denial if he proceeds to offer proof of his case."); *United States v. Doyle,* 468 F.2d 633, 635 (10th Cir.1972) ("The defendants chose not to stand on their motion but offered their proof. In these circumstances the defendants may not claim error by the refusal of the trial court to grant the motion...."); *A. & N. Club,* 404 F.2d at 103 ("If the motion is denied and the defendant decided to proceed with its case, it will have waived the initial motion and the right to appeal any error committed in its disposition.").

**27.** *See Murphy,* 626 F.2d at 659 n. 31.

**28.** *Harper v. Div. of Fam. Servs.,* 953 A.2d 719, 725 (Del.2008) (quoting 13 *Del. C.* § 722) (emphasis in original).

**29.** *Id.*

tor and recounting evidence he found relevant to each. The judge focused particularly on the fifth factor—"[t]he mental and physical health of all individuals involved"[30]—because Stearns has struggled with significant mental and emotional health issues. Even though his final written order only addressed this fifth factor, the record clearly reflects that his "consider[ation]" of and conclusions with respect to all of the section 722 best interest factors were not clearly wrong.

## IV. CONCLUSION

By presenting evidence to support her defense after the Family Court judge denied her Motion to Dismiss, Stearns waived her right to contest the dismissal. Even had she stood on her motion, however, the Family Court judge had considerable discretion to deny it, and under the facts of this case, the dismissal was not an abuse of his discretion. Further, the judge considered the "best interest" factors appropriately and made conclusions after finding facts that were not clearly wrong. Accordingly, the judgment of the Family Court is affirmed.